## Daniel Pelton *against* Elijah Ward.

THIS was an action for words spoken of the plaintiff, and came before the court on a motion in arrest of judgment.

The declaration consisted of nine counts. The first, second and third, charged the defendant with saying you *swore false.*

If a man say of another, " You swore to " a lie, for " which you

K

NEW-YORK, May, 1805.

Daniel Pelton
v.
Elijah Ward.

"now stand in-"dicted," it is actionable If the count, in an action for words, be insufficient, and the declaration do not contain any introductory matter or *colloquium* by reference to which they can be rendered so, the inadequacy of the count cannot be made good by a justification and confession of the words, in the bar.

The fourth, fifth and sixth, with saying, *you swore to a damned lie, and you knew it.* The seventh, eighth and ninth, with saying, *you swore to a damned lie and you knew it, for which you now stand indicted,* innuendo that the plaintiff had committed wilful perjury. The defendant pleaded to all the counts, first not guilty, and secondly in bar a justification, that at a court of *oyer* and *terminer,* held at *White-Plains* in the county of *West-Chester,* the plaintiff was sworn and examined as a witness in a cause concerning the building a store, on a high road, and did then and there falsely and corruptly swear, that a part of the store remained on the ground where it had formerly stood and had not been removed, when in fact no part of the store at the time of the plaintiff's so swearing remained there, for which an indictment was found and presented against him. Replication, *de injuria sua propria absque tali causa,* and issues thereon, with verdicts for the plaintiff on all the pleas, which, however, were entered only on the three last counts (the first six being confessedly bad) and entire damages assessed.

*Caines* for the defendant. The action is not maintainable. The counts allege an indictment for that which is not indictable. For simple false swearing, an indictment will not lie. There is not therefore, any offence charged, for which the plaintiff could be punished. The ground of the present suit is, that there is such an offence imputed. The addition of " for which you now stand indicted," does not make the act more criminal, for a man may be indicted and yet be innocent. " Thou art a false knave, and thou wast arraigned for two bullocks," *Bayly* v. *Churrington, Cro. Eliz.* 279, held not actionable ; for, continues the authority, " he saith " not, he was arraigned for stealing two bullocks, and if the words " had been so, yet the words had not been actionable, for a man " may be arraigned for felony, and yet no felon." So by *Yelverton, J.* 1 *Bulst.* 40. " Thou wert arraigned for stealing a horse, " when the plaintiff had been acquitted," and ruled that no action would lie. To sustain a suit for words, such as the one now before the court, it is requisite not only that there should be a crime stated, but an affirmation that it was committed. In *Steward* v. *Bishop, Hob.* 177, the expressions were, " *James Steward* is in " gaol *for* stealing a mare, and other beasts." It was determined they were not actionable, because being in gaol "*for*" doing a thing, does not say it was done. So here "*for* which he stands " indicted," does not imply he was guilty. There is then no word

NEW-YORK, May, 1805.

Daniel Pelton v. Elijah Ward.

used which states a crime, nor any allegation that it was actually committed. If so, it is not helped by the *innuendo*, " meaning " that the said *Daniel* had committed wilful and corrupt perjury." The office of an *innuendo* is not to supply but designate.* It is synonimous with a "*prædictum*." *James* v. *Rutlech*, 4 *Rep.* 17, therefore in *Gurneth* v. *Derry*, 1 *Lev.* 166, thou wast a *forsworn* man, " and didst take a false oath against me, before justice *Scawen*, " innuendo *John Scawen*, a justice of the peace," it was determined the *innuendo* did not aid, and that the declaration was insufficient. The same principle is recognised in *Holt* v. *Scolefield*, 6 *D.* & *E.* 691, where it is said it ought to be shewn either by introductory matter, or averment, that the forswearing was in some judicial proceeding. Where it appears in the introductory part, it is good, *Brumring* v. *Hanger*, *Hard.* 151. So, if it be the result of necessary implication. 6 *D.* & *E.* 691. If it be said, that it arises here, from the word indicted, then it ought to have been averred. The rule is this. When the latter words are relied on to explain the first and give them their criminality, if they be connected with the former by the word *for*, they must be followed by an averment; when by the word *and*, they need not. *Painter* v. *Warne*, 2 *Bulst.* 142.† Therefore in the present case, the plaintiff should have averred, that he had not been indicted. The case of *Gilbertin* v. *Rowe*, 1 *Roll. Abr.* 40, *pl.* 8, may be cited against us. But taken with the above distinction it is in our favor. The words there used were " Thou art a forsworn knave, *and* wast " indicted by twelve men, *and* hast compounded for it." The declaration therefore is bad, for these reasons, 1st, The words do not state any crime. 2d, If they do, it is not charged to have been committed. 3d, The want of so doing is not aided by the *innuendo*. 4thly, Nor does it arise by necessary implication, and 5th, if it does it should have been followed by an averment. But it may be said that the defect, if any, is cured by pleading over. This however is a defect in substance, and " if the count be defective in substance, " the bar cannot make it good." 8 *Rep.* 120. *b.* Doctor *Bonham's* case. The point however is decided. " In an action for words, " though the defendant justify and acknowledge the words, this " does not aid the declaration." *Badcock* v. *Atkins*, *Cro. Eliz.* 416. Nor is it helped by the verdict, *Rushton* v. *Aspinall*, *Doug.* 679. In the next place, intire damages are assessed upon separate issues, and several verdicts. " Every count is to be considered as a dis- " tinct declaration." *Hill* v. *Lewis*, 1 *Salk.* 133. You may as well

* The business of an *innuendo* is, by a reference to preceeding matter, to fix more precisely the meaning of it. Pr lord *Mansfield*, in the *King* v. *Aylter*, 1 *D.&E.* 70. See *Rex* v. *Alderton*, *Sayer*, 280. *Rex* v. *Mathews*, 9 *Sta. Tri.* 682. *Rex* v. *Horne*, *Cowp.* 672.

† The reason is the word "and" is held to be cumulative. See *Whitacre* v. *Hillidel Alleyn* 11. *Yearworth* v *Pierce ibid.* 31 and *Waine-wright* v. *Whitley*, *Sty.* 115. where the same distinction is taken, and the case of *Clerk* v. *Gilbert*, *Hob.* 331 contra denied to be law.

NEW-YORK,
May, 1805

Daniel Pelton
v.
Elijah Ward.

assess intire damages on separate actions, as on separate issues. " If several issues are joined on several points and found for the " plaintiff, and damages assessed intire, the judgment is reversa- " ble, for being several issues the jury might have assessed the " damages severally, viz. for each issue, several damages." *Bedel* & *Moore's* case, 1 *Leon.* 171. The entries in all the books of precedents are in conformity to this. *Lill. Ent.* 428.

KENT, C. J. The last point is settled by a case in 5 *Burrows.* It was formerly the practice to enter separate damages on each issue, but this was found inconvenient, and in this court they have been uniformly entered as in the present case. As to the words used, they must be taken in the same sense as in common parlance they would be received. The doctrine of *mitiori sensu* has long been exploded. No man but would interpret the expressions in the declaration as conveying a charge of perjury.

*Emott,* contra. The defendant has added enough to shew the words were so intended. In *Gilbert* v. *Rod,* 3 *Bulst.* 304, the allegation of being forsworn was followed by the same expressions as in the present case, and held to be actionable. But if it were otherwise, the pleading and verdict would make it good. The defendant by his bar has confessed the words, and shewn that they were uttered with an intention to impute perjury. He sets forth the court in which the forswearing took place, and thus gives certainty to the declaration. In a similar action this was held to cure the uncertainty of the count.

*In this case the plaintiff, by introductory matter in his own declaration, shewed that the words were spoken of a forswearing at the sessions where he took an oath, and after stating the charge of having forsworn himself, omitted the innuendo (meaning the said oath taken by him) the defendant in his bar confessed the words and*

In *Drak* ev. *Corderoy,* Sir *W. Jones* 307. *Cro. Car.* 288,* the defendant justified by setting forth a forswearing in a court of quarter sessions, and it was ruled to make good the uncertainty of the declaration. *Tuke* & *Condies* case,† cited in *Osborne* v. *Brooke,*‡ *Alleyn* 7, is to the same point.

*Caines,* in reply. The authority from 3 *Bulstrode* is the same as that from *Rolle,* and must be received with the explanation already taken. On the other points the decision must turn according to the weight of the cases cited.

*Per curiam,* delivered by SPENCER, J. The first inquiry will naturally relate to the charge in the three last counts. The office of an *innuendo* is to contain and design the person who was named in certain before. " It cannot alter the matter or sense of " the words themselves." It cannot extend the words, by an imagination of an intent not apparent by any precedent words, to which the *innuendo* should refer, " in effect it stands in lieu of a

" *prædictum.*" This doctrine is laid down in the case of *James v. Rutlech*, 4 *Rep.* 17, and has been the received law ever since. In the case of *Oldham* v. *Peake*, 2 *Black. Rep.* 961, it is decided that an *innuendo* cannot introduce new matter, but may ascertain the meaning of the old. In that case the declaration stated a *colloquium* concerning the death of *Daniel Dolly* ; the words were, " you are a bad man and I am thoroughly convinced you are guil- ty (meaning of the murder of the said *Dolly)* and rather than " you should want a hangman, I would be your executioner." The court held that the word " *death,*" must be understood to mean " *murder,*" because it was such a death as the plaintiff might be liable to be hanged for. This authority bears strong analogy to the present case. The words charge the plaintiff with swearing knowingly to a " damned lie, for which he stood in- dicted." The words in this instance can mean nothing less than perjury, for it was an allegation that the plaintiff had knowingly sworn to such a lie as rendered him obnoxious to an indictment, which could only be for perjury. If the *innuendo* was not true, it was competent to the jury to say so ; but they have affirmed it, on grounds which strike me as substantial.

The plaintiff's counsel has called in to his aid, the plea of justi- fication, as rendering the intent to charge perjury clear and cer- tain ; and there are authorities which seem to sanction a reference to a plea with that view. But I cannot accede to the doctrine. The case of *Badcock* v. *Atkins*, Cro. *Eliz.* 416, appears to me to be most consistent with principle. The court there held that the declaration which was insufficient in substance could not be helped by the plea. The question in that case was, as to the cer- tainty of the person slandered, the plea justified the words, and still the declaration was holden bad. The plaintiff to sustain an action must have a complete right to bring it at its commence- ment. But, on the former ground, my opinion is, that the de- fendant take nothing by his motion. I think the pleadings in this case highly censurable. Instead of one plea of justification to all the counts, there are the same pleas to each count. There are also nine counts for substantially the same words, and a spe- cial replication to each of the pleas. The attornies on both sides are in fault, and in the taxation of costs the plaintiff ought to be allowed for only two of his counts, and one replication ; and the defendant's attorney, as against his client, to be allowed but for one of his special pleas.

NEW-YORK, May, 1805.

Daniel Pelton v. Elijah Ward.

that they were said of the oath there taken, & this was held to make good the uncertainty occasioned by the want of the *innuendo.*

Observe how- ever that in this case, it appeared by introductory matter in the declaration, that the for- sworn was in a judicial proceeding. The authority therefore is perfectly with- in the rule as laid down in *Holt* v. *Schole- field,* 6 *D.&E.* 691. and *Brum- rig* v. *Hanger,* *Hard.* 151.

† A contra desision is al- so stated.

‡ The words were " Captain " Osborne is " forsworn, " and his oath " appears upon " record." This the court held to be equal to saying he is forsworn upon record. See ante 75. the note upon the word " *and*" being cumula tive.

NEW-YORK,
May, 1805.

Daniel Pelton
v.
Elijah Waad.

KENT, C. J.  I concur in the opinion delivered.

LIVINGSTON, J.  I am unfortunate enough to differ from the court.

If the words used, be not in themselves actionable, the judgment must, in my opinion, be arrested, notwithstanding the plea of justification, on which the plaintiff so much relies, as evidence of the defendant's intention or *meaning* to charge him with perjury. It is the import of the words themselves, and not the defendant's intention, which is the criterion of their being actionable or not. This meaning cannot be assigned to them merely by an *innuendo*, or depend on a secret intention, but must be collected either from the criminal sense in which the expressions are usually understood ; or, from the *colloquium* which led to them, it must appear they could have no other meaning.  Let a man's intention be ever so mischievous or malicious, if his reproaches, however strong, impute no crime, nor bring the party of whom they are uttered into danger of legal punishment, he can be no more responsible than one who intends, but does not perpetrate a crime. Nor will any subsequent explanation by him, confer a right of action for words not actionable at the time they were spoken, or in the manner in which they were used.  This explanation itself may be the ground of a suit, as being a new slander, but it can never make that actionable which was not so before.  Were one to declare against another for calling him a fool, would the plaintiff be permitted to shew that the defendant intended to call him a thief ?  Nay, would the defendant's own confession in open court to that effect support a declaration of this kind ?  The action is brought for the injury which the words are calculated and supposed to have produced ; not for the intention from which they proceed.  This is precisely the case here.  The defendant had charged the plaintiff with swearing to a lie.  These words, it is admitted, are not actionable, when not applied to swearing in a judicial proceeding, but are laid generally, without any *colloquium* from which it can appear that they were used with reference to some proceeding, wherein the plaintiff had been examined as a witness.  It must be seen, by apt words in the declaration, that the defendant referred to such proceeding, or, whatever his intention may have been, those who heard them could only consider the plaintiff as a liar, which, however discreditable or disgraceful, would not have given a right of action, notwithstanding the case in 1 *Buls.* 40.  Reasonable as the rule there laid down may be,

that words, " tending to the infamy, discredit, or disgrace of the " party," are actionable ; the law is certainly otherwise. They must contain an allegation of " some crime liable to punishment, " some capital offence or other infamous crime, misdemeanor," &c. As those then, who were present when this supposed slander was propagated, must have formed their opinion from what fell from the defendant ; they could not suppose he meant to charge the plaintiff with perjury, unless he had made use of other expres-sions, than those which are set forth. If then there were no injury, or cause of action at the time of filing the declaration, how is it possible that the plea, which perhaps will never be seen or heard of by those to whom the words were addressed, can confer one, and that too, by relating so far back. I am apprized however that the plaintiff is not altogether without authority on this point. It is that of *Drake* v. *Corderoy.* The defendant had there said of the plaintiff that he was *forsworn*, without mentioning in what court or on what occasion. In his plea of justification, he stated in what court he took the oath, and that it was false. The court there say that " the uncertainty of the declaration is cleared up by the de-" fendant's expressing in his plea, that he *intended* to speak of the " oath he had taken in that particular court."

This case proceeds on a supposition that the *intention* with which words are spoken is material. It may be so as it re-spects the measure of damages, but not as it regards the right to recover. No malice or evil intention can render actionable, words in themselves innocent. I have examined every case cited in the margin of this one, in support of the decision, (and they are numerous,) but not one of them is in any respect like it. They are cases on contracts where one party or the other, in the course of pleading, has admitted some fact, which was material, and which the court would not afterward permit him to contest or deny ; but here, the fact admitted by the justification is im-material, because slander can never consist in what a man in-tends to publish, but in what he does actually declare ; and so it was determined in *Badcock* v. *Atkins*, which is a very strong decision in favor of the defendant, and at open war with the one just examined. It was doubtful from the declaration, whether the words spoken applied to the plaintiff. This fact however was admitted by the plea, but the court say " the declaration was not " good, and although the defendant by his plea confesses that " he *intended* them of the plaintiff, yet that shall not help the

NEW-YORK, " declaration which is insufficient." This case it is true is many
May, 1805.
years older than *Drake* v. *Corderoy*. It is not however on this
Daniel Pelton account that I give it a preference, especially as it may be con-
v.
Elijah Ward. sidered as overruled by the latter judgment, but because it ap-
pears to me more reasonable, and more agreeable to common
sense than the other, for the more we reflect on the subject,
the less will we be able to conceive how any one can be af-
fected or injured in his reputation, by slander which consists in
mere intention, without any overt expressions to carry such in-
tent into effect. In the case of *Oldham* v. *Peake*, there was a
*colloquium* concerning the death of one *Dolly*, and the manner
of the defendant's charging the plaintiff with it, was equivalent to
a charge of murder.

But if the plea of justification, be not a sufficient cause for not
arresting the judgment, it is said the words are actionable, inas-
much as the defendant alleged that the plaintiff stood indicted
for what he then charged him with. Here we must again recur
to the words, and if they do not contain an imputation of a crime
or offence, the allegation of an existing indictment will not alter
the case. It is very possible, that a person, from ignorance in a
grand jury or other cause, may be indicted for a matter not
criminal, but unless what is charged, be so, it is no slander. Were
one to say to another, are you a mahometan or a jacobin, for which
you stand indicted, would these words, on account of such addi-
tion, be actionable? Certainly not. Now as no man can legally be in-
dicted or punished for being a liar, his being called so, and being
charged with being indicted, as such, can give him no right of ac-
tion any more than his being charged with being indicted for any
other immorality not punishable by law. I am not for extending the
action for words, but for confining it as much as possible within its pre-
sent limits. Abusive expressions which expose a man to no pu-
nishment are beneath the dignity of the law, and unworthy of
legal cognizance. A man of character cannot be affected by
them, and he who has none, should not have his angry passions
gratified by an appeal to courts of justice, whose time may be
much more usefully employed in attending to other matters.
The judgment in my opinion must be arrested. I concur how-
ever in the opinion of Mr. Justice *Spencer*, as to the pleading.

THOMPSON, J. Gave no opinion, not having heard the argu-
ment.

TOMPKINS, J. Had been concerned.