J. STEWARD jun. *against* KIP, Sheriff, &c.

THIS was an action of *debt*, brought against the defendant, as sheriff of *Oneida* county, for the escape of *Abel Brigham*, charged in execution at the suit of the plaintiff.

The declaration stated the judgment, and a *ca. sa.* issued thereon for 1,007 dollars and 86 cents, debt, and 14 dollars and 44 cents, costs. The escape was alleged to have been on the 16th *February*, 1807. The defendant pleaded *seven* pleas; which, with the rest of the pleadings and issues, were the same as in the case of *Bissel* v. *Kip.* (5 *Johns. Rep.* 89.)

The cause was tried at the *Oneida* circuit, the 18th *June*, 1810, before Mr. Justice *Spencer.*

Most of the evidence was similar to that stated in the case of *Bissel* v. *Kip.* The plaintiff proved that *Brigham* was in the custody of the defendant on the execution, and that on the 8th *February*, the prisoner was walking along the side walk of the main street, in the village of *Whitestown*, within the liberties, when he left the side walk, and walked through the middle of the street, for the distance of about 20 rods.

The defendant then moved for a nonsuit, on the ground, that the plaintiff having, by his pleading, admitted that there were gaol-liberties regularly established, it was incumbent on him to prove that the place where the prisoner walked was without the liberties; but the judge overruled the motion, and decided that the defendant was bound to show that the place where the prisoner was seen walking was within the liberties.

The defendant produced the minutes of the court of common pleas, of the 19th *May*, 1808, and a witness

*In an action against a sheriff for an escape of a prisoner charged in execution, it is sufficient evidence, on the part of the plaintiff, pri-ma facie, to entitle him to recover, that the prisoner was seen at large, walking in the street. See Bissel v. Kip, 5 Johns. Rep. 89.*

testified, that though the survey was erroneous, yet the place where the prisoner walked was not within the *actual* or *reputed* liberties, and that the prisoner was before informed of that fact, and must have known it before he went there; that the place where the prisoner walked was two or three rods beyond the reputed limits, and the prisoner immediately returned within the liberties.

The plaintiff then proved that on the 16th *February,* 1809, the prisoner went into the office of *Reuben Leavenworth,* in *Whitestown,* and while he was there the writ was issued in this cause, against the defendant, and delivered to the *coroner* to be executed. That the survey of the liberties, though inaccurate, and not marked by any visible monuments or boundaries, would not include the office of *Leavenworth,* and that the prisoner could not go in or out of the office, without passing beyond the liberties; but the office was generally reputed to be within the liberties.

The jury, by direction of the judge, found a verdict for the plaintiff.

A motion was made to set aside the verdict and for a new trial, on the following grounds:

1. That upon the fourth plea and the issue joined thereon, it was incumbent on the plaintiff to prove that *Brigham* was not only without the prison walls, but that he went beyond the *gaol* liberties; and that the motion for a nonsuit was improperly overruled.

2. That no escape from the gaol liberties was proved.

3. That if the prisoner did go beyond the liberties, it was unintentional; and as the limits were vague and uncertain, it was excusable, as an act of inadvertence.

4. That if the prisoner did intentionally go beyond the liberties, he returned before suit brought, and has since remained a faithful prisoner; and that the statute passed in *April,* 1810, concerning escapes, protects the sheriff.

The case was submitted to the court without argument.

*Per Curiam.* The plaintiff, upon the trial, proved that the prisoner was returned by the defendant in custody, upon *ca. sa.*, and that he was afterwards seen at large in the village of *Whitestown*, at the tavern of *Amos Gay*, and on his return from thence he walked through the middle of the street. This was, at least, *prima facie* evidence of an escape, and showing enough in the first instance. So it was laid down in the case of *Bissel* v. *Kip*. (5 *Johns. Rep.* 89.) But if any doubt existed, whether this was enough, under the issue joined upon the fourth plea, the defendant immediately supplied the deficiency, by producing a witness who testified, that the place where the prisoner was seen walking was neither within the actual nor reputed liberties, and that the prisoner had been previously so informed.

There is not, then, in this case, any colour for our interference with the verdict, and the motion on the part of the defendant is denied.

Motion denied.