ALBANY,
January, 1821.

VISSCHER
v.
GANSEVOORT.

VISSCHER *against* GANSEVOORT, Sheriff.

An action against the sheriff, for the escape of a prisoner in execution from the liberties of the gaol, is not well commenced by handing a writ to a person, with directions to go and see the prisoner off the limits, and then to deliver the writ to the coroner.

The writ must be either actually delivered to the coroner, or left at his office, or be issued and sent to him, with the absolute, positive, and unequivocal intention to commence the suit, while the prisoner is off the limits.

To support the action for an escape, the fact of the prisoner being off the limits of the liberties of the gaol, must be affirmatively and satisfactorily shown, by direct and positive proof. Nothing will be intended or inferred.

THIS was an action against the defendant, as sheriff of the county of *Albany*, for the escape of *Thomas Mounsey*, a prisoner, in execution, from the liberties of the gaol, tried at the *Albany* circuit, in *April*, 1820, before Mr. Justice *Woodworth*. It was proved, that on the 26th of *June*, 1819, the attorney of the plaintiff, hearing that *M.* was off the limits of the gaol, delivered a writ against the defendant, to the witness, *Ackerman*, with instructions " to go and see *M.* off the gaol liberties, so that he could swear to the fact, and then deliver the writ to the coroner." The evidence given as to the fact of *M.'s* being off the limits, at the time the writ was delivered to the coroner, was not perfectly clear.

*F. C. White*, for the plaintiff. He cited 1 *Caines' Rep.* 70. 2 *Johns. Rep.* 342. 3 *Johns. Rep.* 43. 15 *Johns. Rep.* 326. 17 *Johns. Rep.* 63. *Burdick* v. *Green*, (ante, 14.)

*Foot*, contra.

*Per Curiam.* The only question in this case is, whether the suit was commenced when *Mounsey*, for whose escape the defendant is sued, was off the gaol limits.

It was decided, in *Burdick* v. *Green*, that if a writ was actually made out, and sent to the sheriff, or his deputy, by mail, or otherwise, with a *bona fide and absolute intention* of having it served, it would be a good commencement of the suit; but, we held, that such intention must be positive and unequivocal. Here the writ was made out, and delivered to a messenger, as we construe the facts, conditionally; that is, he was directed to go and see *Mounsey* off the limits, and then deliver the writ to the coroner; but, if he went, and did not see him off the limits, or if he saw him on the limits, then, it is implied, that he was not to deliver the writ to the coroner. When, therefore, the attorney issued the writ, the intention to commence the suit was not absolute, po-

sitive, and unequivocal; and we cannot admit, that the messenger or bearer of the writ, shall have it in his power to decide whether the suit shall be commenced, by any event subsequent to the delivery of the writ to him, short of its being actually put into the hands, or left at the office of the coroner.

ALBANY,
January, 1821.

The evidence is not very satisfactory whether *Mounsey* was on the limits, or not, when the writ was, in point of fact, received by the coroner. We rather infer, that he was then on the limits; but the plaintiff should have shown, affirmatively, that he was then off the limits. For, in such an action, we cannot intend, or infer any thing, unless it be plain and irresistible, to charge the sheriff.

Judgment for the defendant.