Ross
v.
Luther

## Ross *against* LUTHER, Sheriff of Clinton.

The issuing the writ is the commencement of the suit.

Where the plaintiff's attorney delivered a *capias ad respondendum* to an agent or messenger, with directions to deliver it to the coroner, on his ascertaining that a prisoner was off the jail liberties; *held*, that the writ was not issued, and the suit, therefore, not commenced, on the agent or messenger determining to deliver it accordingly, and going in search of the coroner, but only by the actual delivery of the writ to the coroner. A writ wrongly tested as to the name of the ch. justice, is amendable; and where this mistake is in a *ca. sa.* the sheriff cannot object it in an action for an cape.

DEBT for the escape of Wait, a prisoner on *ca. sa.* from the jail limits of Clinton county, tried at the Clinton Circuit, July 4th, 1823, before WALWORTH, C. J. The main question arising upon the case, related to the time at which this suit should be deemed to have been commenced. The *ca. sa.* was also wrongly tested in the name of Kent, Ch. J. The time of commencing the suit, depended on the testimony of St. John B. L. Skinner, who testified that on the 7th February, 1820, at half past 9 P. M. according to the Coroner's watch, he delivered the *capias ad respondendum* to him, (the Coroner,) and immediately proceeded rapidly in a cutter the distance of 2½ miles from the limits, to a tavern, where he found Wait.

The defendant's counsel then insisted, that the making out the *capias ad respondendum* was the commencement of the suit; and offered to show that it had been made out some time before its delivery to the Coroner; but the Judge decided that neither the making out of the writ, nor its actual delivery to the Coroner, was the commencement of the suit; but that the suit was commenced when the writ was actually put in motion for the Coroner, with a certain and determined intention of delivering it to him to be served.

Skinner, then, further testified that he was a clerk in the office of the plaintiff's attorney; and that the writ had been filled up some time before; and left with him to be issued, when it could be ascertained that Wait was off the limits : that some time in the fore part of the evening, when the process was delivered, he took it, and went out of the office with an intention of delivering it to the Coroner, if he could be satisfied that Wait was out, but not otherwise : that about 9 o'clock P. M. he ascertained to his satisfaction, that Wait had escaped from the limits, made up his mind to deliver the process, and went in pursuit of the Coroner for the pur

pose. Witnesses were then called by both parties, to the time when Wait was off the limits.

The Judge charged the jury, that the suit must be considered as commenced when Skinner started to deliver the writ to the Coroner, after he had determined absolutely to deliver it; and not when he first took it from the office, his intention not then being fixed; and he left it to the jury to say from all the evidence, whether Wait was off the limits, when such absolute determination was formed, and Skinner started to deliver the writ; directing them that, if they found this in the affirmative, they should render a verdict for the plaintiff; otherwise for the defendant. The jury returned a verdict for the defendant.

*J. Edwards,* for the plaintiff, now moved for a new trial; and contended that the suit was not commenced, in judgment of law, till the process was actually delivered to the Coroner. Skinner, he said, was the plaintiff's agent, under whose control the process continued, till it passed from his hands. An intention of his could not amount to the commencement of a suit, any more than that of the plaintiff if the process had been in his own hands. In this respect the case is distinguishable from *Bronson* v. *Earl,* (17 John. Rep. 63,) *Burdick* v. *Green,* (18 John. 14,) and *Vischer* v. *Gansevoort,* (18 John. 496.) In the latter case, the Court say, " We cannot admit, that the messenger or bearer of the writ shall have it in his power to decide whether the suit shall be commenced by any event subsequent to the delivery of the writ to him, short of its being actually put into the hands, or left at the office of the Coroner." That is this case. Beside, the rule would be inconvenient and dangerous, which shall erect the plaintiff's agent into a Judge to determine by his secret resolve, without any open definite act, when the suit shall be commenced.

*J. A. Collier,* for the defendant, said, the delivery of the writ to the Coroner was certainly not the only criterion which determines the commencement of the suit. This is apparent from the cases cited, in one of which, (*Burdick* v. *Green,*) putting the process into the post-office, directed to

the officer, was said to be a commencement; (18 John. 20, per Platt, J.) and in another, (*Bronson* v. *Earl*,) a delivery to the officer's wife was holden sufficient. The Judge here decided according to *Burdick* v. *Green*, in which the Court say that intention may be inquired into. According to the English rule, the suit is commenced whenever the writ is sealed; and perhaps since the case of *Filkins* v. *Brockway*, (19 John. 170,) and *The People* v. *Singer*, (1 Cowen's Rep. 47, S. P.) the filling up of process should now be deemed the commencement of the suit in this state. These cases decide that a seal can be used but once; that process begins to perform its office as soon as it is made out; and they seem to contradict the former cases. If this be so, the suit was clearly commenced prematurely. No escape had taken place.

*S. A. Foot*, in reply, said it is perhaps to be regretted that any thing short of an actual delivery of the writ to the officer, should have been allowed to acquire a right to the plaintiff; though it might be otherwise for the purpose of saving a debt from the statute of limitations. The Court would have found it much more safe never to have departed from the case of *Bronson* v. *Earl*. If the commencement of the suit rests on mental resolution, it tempts to perjury. It is true that intent is considered in *Burdick* v. *Green;* but there ought, at least, to be an overt act, by which it shall be clearly manifested. In *Vischer* v. *Gansevoort*, the Court do not, indeed, question *Burdick* v. *Green;* but they require a distinct act, the parting with the process, so as to put it beyond the party's control. The act must be absolute; it must be more than intention, or the mere act of the mind. If the party, or his agent, be the carrier, he should be required actually to deliver the writ to the officer before the suit shall be considered as commenced.

WOODWORTH, J. The Judge charged the jury, that the suit must be considered as commenced, when Skinner started to deliver the writ to the Coroner, after he had determined absolutely to issue it; and not from the time when he first took it from the office, without any certain intention of delivering it.

ALBANY,
Feb. 1825.

Ross
v.
Luther.

If the law was correctly laid down, there is no ground for disturbing the verdict on the question of fact. From the evidence, it is somewhat doubtful whether Wait was out of the limits when the agent determined to deliver the writ, and went in pursuit of the officer.

The delivery of a writ to the wife of a Coroner is a sufficient commencement of an action against the Sheriff. (*Bronson* v. *Earl*, 17 John. 63.) In that case, however, it appeared that the writ was put into the hands of a person to be delivered to the Coroner to be served, at such time as the prisoner should be found to have left the jail limits. There was no evidence of an absolute intention to deliver the writ before the time of its actual delivery, so that the question in this cause did not come under consideration. In *Burdick* v. *Green*, (18 John. 14,) it was held that the issuing of the writ is the commencement of the suit, in all cases where the time is material ; as to save the statute of limitations. By this general proposition, it is not intended that the mere filling up of the process is such commencement. The same case explains the rule ; that it is not necessary to show the writ was actually delivered to the Sheriff ; but it is sufficient if it appear that the writ was made out, and sent to the Sheriff or his deputy by mail or otherwise, with a *bona fide*, absolute and unequivocal intention of having it served. The same doctrine is recognized in *Vischer* v. *Gansevoort*, (18 John. 496.) These cases decide the law applicable to the case under consideration.

Skinner testified that he was a clerk in the office of the plaintiff's attorney ; that the writ had been filled up some time previous, and left with him to be issued when he could ascertain that Wait was off the limits. There was not, then, an absolute intention, that the writ should be delivered to the Coroner in the first instance. It was committed to Skinner to exercise his discretion : he became satisfied about 9 o'clock that Wait was off the limits ; and then made up his mind to deliver it to the Coroner, which was done a half hour afterwards. Skinner was merely an agent or messenger, with power from the plaintiff to decide on the time when to deliver the writ. It does not appear that he had any other

authority. It was not competent, therefore, for him to de cide from what time the suit should be considered as com- menced. In *Vischer* v. *Gansevoort*, it was decided, that the messenger or bearer of the writ has not the power to decide whether the suit shall be commenced by any event subse- quent to the delivery of the writ to him, short of its being actually put into the hands, or left at the office of the Coro- ner. It follows, then, conclusively, that the determination of Skinner to deliver the writ, absolutely, is of no avail ; and the suit was not commenced until the actual delivery to the Coroner.

The Judge, therefore, erred in supposing that the deci- sion of Skinner to deliver the writ, was the test. He ought to have charged the jury that, on the facts, the suit was not commenced in judgment of law until the Coroner received the writ. The consequence is, that the plaintiff is entitled to a new trial, with costs, to abide the event.

SUTHERLAND, J. The suit cannot be considered as hav- ing been commenced, until the actual delivery of the writ to the Coroner. When the witness, Skinner, who was the clerk of the plaintiff's attorney, left the office with the writ, he had no absolute intention of delivering it to the Coroner. He states that he took it with an intention of delivering it to the Coroner, *if he could be satisfied Wait was off the limits, but not otherwise.* That afterwards, he made up his mind to deliver it to the Coroner, as he learned sufficient to satisfy him he ought to issue the writ ; and he went imme- diately in pursuit of the Coroner, for the purpose of deliver- ing it to him, but it was about half an hour before he found him.

The clerk is to be considered as the agent or messenger of the attorney, and as acting in obedience to his orders when he took the writ and left the office with it. That his instructions had been given to him at some previous time, and not at the precise moment when he left the office, can not vary the case. He left the office, then, with instructions to deliver the writ, if Wait was beyond the limits. This case is, then, precisely within that of *Vischer* v. *Gansevoort*, in which the Court say, " when the attorney issued the writ,

the intention to commence the suit was not absolute, positive and unequivocal; *and we can not admit, that the messenger or bearer of the writ, shall have it in his power to decide, whether the suit shall be commenced by any event subsequent to the delivery of the writ to him, short of its being actually put into the hands, or left at the office of the Coroner.*"

The Judge, therefore, erred in charging the jury that the suit must be considered as commenced, " when the clerk started to deliver the writ to the Coroner, after he had determined absolutely to issue it."

The execution having been tested in the name of Ch. J. Kent, instead of Ch. J. Thompson, did not render it void. It was amendable, and the Sheriff could not avail himself of the irregularity.

Savage, Ch. J. concurred.

New trial granted, with costs to abide the event.