By the Court,

Savage, Ch. J.
A charge of false swearing is actionable, when it necessarily conveys to the mind of the hearer an imputation of perjury ; otherwise it is not. In Hopkins v. Beedle, 1 Caines, 347, the words were, “ You have sworn to a lie, and I can prove it.” The court say that swearing to a lie does not necessarily imply that the party has, in judgment of law, perjured himself; the words are susceptible of an innocent meaning; they may mean extra-judicial swearing ; and it was held that the charge was defective, in not stating any court, or competent officer, before whom the plaintiff swore. In Pelton v. Ward, 3 Caines, 73, the words were, “You swore to a damned lie, and you knew it, for which you now stand indictedthe court said that the words in this instance could mean nothing less than perjury, for it- was an allegation that the plaintiff had sworn to such a lie as rendered him obnoxious to an indictment. The cases of Fox v. Vanderbeck, 5 Cowen, 513, and Gilman v. Lowell, 8 Wendell, 573, was also decided on the same principle. In Stafford v. Green, 1 Johns. R. 505, the words were, “ He swore false before ’Squire Andrews, and I can prove it.” There was no colloquium nor averment that a cause was pending before a justice. The court said the count was bad ; there was nothing to show that a judicial proceeding was referred to. In Ward v. Clark, 2 Johns. R. 10, the words were, “ He has taken a false oath in ’Squire Jamison’s court.” There was no colloquium or averment that ’Squire Jamison was a justice of the peace ; and the court held these words insufficient; they did not necessarily convey a charge of perjury; it did not appear that Jamison had authority to hold a court, or administer an oath. The court add, that for a charge of false swearing, no action lies unless the words had reference to a judicial court or proceeding. In McClaughry v. Wetmore, 6 Johns. R. 82, it was held, *that the words were actionable. There it was averred *41 that while the plaintiff was giving material testimony in a suit before a justice who had jurisdiction, the defendant said, “ that is false.” In Niven v. Munn, 13 Johns. R. 48, after verdict for the plaintiff, the defendant moved in arrest The declaration stated that in a certain discourse about a trial between Munn and Wilson, before a justice of the peace, and concerning the testimony of the plaintiff", who was a witness, the justice having power to administer an oath, the defendant said, “ What he has sworn is a damned lie.” The court held the declaration good, and Mr. Justice Platt says, all that was wanting to render this a complete and formal definition of perjury was, that it was not averred that the justice had jurisdiction of the cause, and that the testimony was upon a point material. The words here, however, were held sufficient after verdict. In Chapman v. Smith, 13 Johns. R. 80, the court observe, that charging a person with false swearing before a justice, without a colloquium, showing that it referred to a trial or other legal occasion, was not actionable ; but that charging a person with taking a false oath in court was actionable ; they refer to 6 Johns. R. 82, in which it was averred that the plaintiff was testifying to a point material, but judgment would not have been arrested if that averment had been omitted; for after verdict it must be intended that malice was proved. In Pangburn v. Ramsay, 11 Johns. R. 142, this court recognize the doctrine that where the declaration contains a defect which would have been fatal on demurrer, yet, if the issue be such as required on trial proof of the facts defectively set out, and without which the verdict could not regularly have been given, such defect is cured by the verdict at common law. This doctrine is applied in Chapman v. Smith to that case, and the verdict cured the defects in the declaration, which were the want of averments that the testimony was material, and that the justice had power to administer an oath.
If a verdict is sufficient to cure the want of the averments of materiality in the testimony, and of jurisdiction in the justice to administer an oath, it will also cure all the defects in this count. The words are not aided by the matter stated in the inducement, because the colloquium is not of that matter, *but thewords themselves relate to a trial in a court before a justice of the peace in a civil cause, when an oath was administered. There can be no trial before a justice where false swearing to a material point would not be perjury ; the words cannot relate to an extra-judicial oath, for they allude to an oath on a trial at law. And where the defendant alleged that the plaintiff swore false—so false that the defendant could not enjoy himself in a rereligous meeting with him—he negatives the idea that the oath was false by mistake; of course it was wilful and corrupt; in other words, perjury.
In my opinion the words import a charge of perjury, and if the count does not state it with all proper precision, still the verdict cures all these defects, as all the facts which should have been averred, must have been proved upon the trial. The judgment in the court below should not have been arrested, and the judgment of the common pleas must therefore be reversed with costs, and a venire de novo must issue.