### CARRUTH *vs.* CHURCH.

Where an action, brought since the revised statutes, is instituted by *capias,* the suit is not considered as commenced until the *issuing* and *service* of the capias. Consequently, to charge a sheriff, in an action of debt for an escape, the writ must be actually *served* upon him while the debtor is off the limits.

MOTION for a new trial. The action was debt against a sheriff, for an escape. The plaintiff proved, upon the trial, the issuing, but not the service, of the capias against the sheriff, while the debtor was off the jail limits. The judge decided that it was necessary to prove not only the issuing of the writ, but the service thereof upon the sheriff, during the debtor's absence from the limits; and nonsuited the plaintiff. The plaintiff excepted, and now moved for a new trial.

*M. D. Carr,* for the plaintiff.

*S. S. Merritt,* for the defendant.

*By the Court,* MASON, J. The first question which I propose to consider in this case, is whether the judge ruled correctly in holding that the capias ad respondendum should actually have

been served on the sheriff while the debtor Ecclestone was off the jail limits. The rule was well settled, before the revised statutes, by a long series of adjudications, that the issuing of the capias was, for every material purpose, the commencement of the action. (1 *Caines*, 69. 2 *John*. 346. 3 *Id*. 42. 3 *Caines*, 77. 3 *John*. *Ch*. 145. 10 *John*. 119. 4 *Cowen*, 158. 8 *Id*. 203. 4 *Id*. 161. 18 *John*. 496. 17 *Id*. 63.) The decisions, however, have not been entirely uniform as to what should be deemed the issuing of the capias. While in one case it was held that the delivery of the capias to the coroner's wife was a good commencement of the suit, in another case it was adjudged that nothing short of the actual delivery of the writ to the coroner was a good commencement. And in a still later case than either it was decided that the delivery of the writ to a messenger to carry to the coroner, to be served on the sheriff, in an action for an escape of a prisoner from the limits, is the commencement of the suit, and if at that moment the prisoner be off the limits the plaintiff is entitled to recover for the escape. These were all adjudications in suits arising before the revision of 1830; and while the courts recognized the rule that the actual issuing of the capias was the commencement of the suit, the decisions were not uniform as to what should be deemed the issuing of the capias. And perhaps to this seeming confusion in the decisions as to what should be deemed the commencement of the suit is to be attributed the particular language of our present statute. (2 *R. S*. 347, § 1.) That statute is as follows: "Actions brought for the recovery of any debt, or for damages only, may be commenced either, First, by the issuing and service of a capias ad respondendum against persons not privileged from arrest." And then the statute provides for the commencement of suits by summons and declaration. Whatever may have been the motive which induced the change, I think this statute was designed to define what should be deemed the commencement of the suit, as well as the mode in which it should be commenced. This has been the uniform construction which has been given to it by the courts. This was so adjudged in reference to the third subdivision of this section, in

the case of *Edmonstone* v. *Thomson*, (15 *Wend.* 554,) and again affirmed in the case of *Johnson* v. *Comstock*, (6 *Hill*, 10,) and also in the case of *Brown* v. *Ferguson*, (2 *Denio*, 196.) In the case of *Johnson* v. *Comstock*, Judge Bronson uses the following language : " The case of *Carpenter* v. *Butterfield*, (3 *John.* 145,) only decides that when the plaintiff proceeds by capias the suit is commenced when the writ is delivered to the proper officer ;" and then adds, " but that is no longer the general rule. Service as well as the issuing of the capias is now necessary to the commencement of the suit, [citing this very statute, 2 *R. S.* 347, § 1,] except when the question is on the statute of limitations. (*Id.* 299, § 38.)" And this, it seems to me, is the only construction which it is possible to give this statute. It is not the province of the courts to legislate and repeal a part of this statute by adjudging that suits may be commenced by the mere issuing of a capias, when the legislature has said that the issuing and service of the capias shall be deemed the commencement of the suit. It was said by the counsel for the plaintiff, that it never could have been the intention of the legislature, by this statute, to provide that the actual service of the capias should be necessary to the commencement of the suit. It is impossible for us to say what the legislature intended, except from what they have done and said. They have said suits may be commenced by the issuing and service of a capias ; and there is no ambiguity in their language. There was no statute in this state, prior to the one under consideration, declaring what should be deemed the commencement of a suit by capias ; and, as we have already seen, the courts were not very successful in defining precisely what should be deemed the commencement of a suit by capias. While the principle was declared, that the issuing of the capias should be deemed the commencement of the suit, there was much contrariety of opinion amongst judges, as to what should be deemed the issuing of the capias, for the purposes of the commencement. It cannot be denied that this construction of the statute will produce great inconvenience, if not work the utter impossibility of reaching the sheriff in many cases of escape ; but the argument " *ab inconvenienti*" can not

prevail and so far operate as a repeal of this statute as to justify this court in adjudging that suits may be commenced by the issuing of a capias. It is a familiar rule that mere reasons of public convenience, or presumed or probable legislative intent, can not, as a general rule, have the force to set aside the plain words of a statute. (26 *Wend.* 462. 2 *Barb. Sup. Court Rep.* 111, 112.) The judge decided correctly in nonsuiting the plaintiff, for the last reason assigned by him. It is unnecessary, therefore, to consider the other reasons assigned, and a new trial is denied.

SAME TERM.   *Before the same Justices.*