## HUTCHINSON *against* BRAND.

An execution against the person, reciting the judgment as prescribed in § 289 of the Code, and commanding the sheriff to commit the defendant "to the jail of said county of M., until he shall pay the said judgment, according to law," the words "or be discharged," from subdivision 3 of that section, being omitted, is valid; and a sheriff discharging a prisoner arrested upon such execution is liable as for an escape.

It is not necessary to recite in an execution against the person the facts which authorize the arrest, viz: the nature of the action, and the return of an execution against property unsatisfied (*Code*, § 288); it is sufficient if those facts exist.

Hutchinson *against* Brand.

ACTION against the defendant as sheriff of Madison county, for an escape.

The plaintiff had recovered a judgment against one Lathrop in an action for wrongful conversion of property, for $67.77, on which an execution against property had been issued and returned unsatisfied. Thereupon, on the 26th of May, 1849, an execution against the person of Lathrop was issued to the defendant, reciting the judgment as prescribed by § 289 of the Code, and concluding as follows:

"You are therefore required to arrest the said Abram Lathrop and commit him to the jail of said county of Madison till he shall pay the said judgment according to law."

(Signature and date.)

After the word "judgment," in the last line, the words "or be discharged" had been erased by a line drawn upon them with a pen. Lathrop being arrested upon this execution, by one of the sheriff's deputies, the sheriff refused to receive him into custody, upon the ground that the execution was insufficient and void. The prisoner was therefore set at large, which is the escape complained of. A jury being waived, the court (MASON, J.,) upon the foregoing facts being shown, ordered judgment for the plaintiff for the amount of his previous judgment with costs. The defendant appealed to general term, and thence to this court.

*T. Jenkins* for the appellant.

*W. E. Lansing* for the respondent.

WILLARD, J. An execution issued upon a judgment is declared by the 286th section of the Code to be the process of the court. By the same section the seal of the court and signature of the clerk are dispensed with. The 289th section declares what must be stated in an execution. The execution in this case contained all that is required by that section to be stated. The same section enacts that it shall

require the sheriff substantially, if it be against the person of the judgment debtor, to arrest such debtor and commit him to the jail of the county until he shall pay the judgment or *be discharged according to law*. The process in this case contained the mandatory clause as required by the Code, but omitted the words in the last sentence, " or be discharged;" so that it apparently required the sheriff to arrest the debtor and commit him to jail until he should " pay the said judgment according to law." The omission of those words did not lessen the power of the sheriff to arrest and commit the debtor, nor did it throw any obstacles in the way of the debtor's discharge, provided any event short of payment should occur, entitling him to his discharge. The process as drawn is *substantially* as required by § 289 ; a *literal* compliance is not exacted by the section. The part omitted was wholly immaterial for any purpose. Whether it was inserted or omitted, the sheriff would be bound to let the debtor depart, on his presenting a discharge according to law.

Two things are required to exist before process can be regularly issued against the person of the debtor : first, there must be a judgment against him in an action in which he might have been arrested, as provided in §§ 179 and 181 ; and secondly, the return of an execution against his property unsatisfied in whole or in part. The recital of these facts in the execution is not required by the Code ;.nor was it necessary to recite them in an execution before the Code. If these facts did not exist, the remedy was by motion to set aside the execution, or by an action against the *party* who thus improperly abused the process of the court. The sheriff was always justified by the process regular on its face, and was of course bound to execute it. It being issued by a superior court of general jurisdiction, the authority of the court to award it was to be presumed, and the sheriff disobeyed it at his peril.

The permitting of the defendant to go at large after his arrest upon the process, and before his actual commitment

within the four walls of the prison, was an escape, entitling the plaintiff to recover his whole debt against the sheriff. (2 *R. S.*, 437, § 63 ; 8 *Wend.*, 545.)

The judgment must be affirmed.

TAGGART, J., dissented from the conclusions above stated.

All the other judges concurring,

Judgment affirmed.