HELEN SINGER, Appellant, *v.* DAVID H. KNOTT, Individually and as Sheriff of the County of New York, Respondent.

First Department, November 17, 1922.

Escape — action to recover damages for permitting escape of civil prisoner — prima facie case made out by proving release of prisoner from actual custody of sheriff — facts establish prima facie case of escape — burden on defendant to show that prisoner was within his custody or within jail liberties — error to set aside verdict on ground that plaintiff had not proved escape — damages not limited to amount of bail.

In an action against a sheriff to recover damages for an alleged escape of a civil prisoner, the plaintiff makes out a *prima facie* case of escape by proving that the prisoner was released from the actual custody of the sheriff.

The evidence establishes a *prima facie* case of escape, as it appears by competent testimony that the prisoner was in fact released at the office of the sheriff's counsel on the same day that he was arrested, upon the advice of the counsel that the prisoner was immune from arrest; that the defendant never made nor attempted thereafter to make an arrest of the prisoner, and that the defendant never filed a return as required by section 590 of the Code of Civil Procedure (now Civil Practice Act, section 864).

To overcome the *prima facie* case made by the plaintiff, the burden was upon the defendant to show that the prisoner was within the jail limits or within the defendant's custody, and, therefore, had not escaped.

Inasmuch as there was no affirmative evidence to establish the defense that the prisoner was within the jail limits or within the sheriff's custody, it was proper for the court to instruct the jury, as a matter of law, that if the prisoner was actually arrested then the defendant was liable for the escape; therefore, it was

error for the court to set aside the verdict in favor of the plaintiff, upon the ground that the plaintiff had failed to sustain the burden of proving an escape.

The action was brought to recover damages for an escape, and the damages were not limited to the amount of bail fixed in the order of arrest, but the plaintiff was entitled to recover the damages actually sustained by her.

MERRELL, J., dissents, with memorandum.

APPEAL by the plaintiff, Helen Singer, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 19th day of January, 1922, granting defendant's motion, made upon the minutes, to set aside the verdict of a jury in favor of the plaintiff and dismissing the complaint on the merits, and also from the judgment entered in said clerk's office on the 23d day of January, 1922, pursuant to said order.

*Barnett E. Kopelman,* for the appellant.

*John Ingle, Jr.* [*Edward B. Schulkind* of counsel], for the respondent.

GREENBAUM, J.:

The action was brought against the defendant, sheriff of the county of New York, for damages for an alleged escape of one Bernard Singer, plaintiff's husband, who it is stated in the complaint had been arrested on June 21, 1918, by the defendant pursuant to an order of arrest granted by a justice of the Supreme Court, and who after such arrest was permitted to escape and go free, without defendant's taking, exacting or receiving the bail of $500 fixed by the order.

The only issue which the learned court submitted to the jury was whether or not there had been an arrest. The jury was instructed as follows: " The issue, and the only issue, I am going to leave to you is this: Was the man Singer arrested by the Sheriff's representative at the time and place you have heard about, or was he not? You are not concerned with any other fault that the sheriff may have committed; you are not concerned with the question whether defendant's representative committed a fault when he did not arrest Singer, because they are only suing for an escape, and if there was no arrest there cannot be an escape. Was there an arrest? That is all you have to decide. * * * If you decide that Singer was arrested at that time then I charge you as matter of law he was later permitted to escape and your verdict must be for the plaintiff. If not your verdict must be for the defendant. If your verdict is for the plaintiff it will be for $500; she is entitled to no more and no less. If for the defendant, you will say your verdict is for the defendant. There is the case."

After the rendition of the verdict, the defendant moved to set it aside upon the grounds enumerated in section 999 of the Code, now section 549 of the Civil Practice Act. The plaintiff also moved to set aside the verdict for inadequacy of the damages. The court reserved its decision on the motions but thereafter granted defendant's motions and dismissed the complaint upon the merits.

The opinion of the learned trial justice upon the motions to dismiss and to set aside the verdict states that the burden of proof was upon the plaintiff affirmatively to show that the prisoner at the time of the alleged escape was off the liberties, citing *Visscher* v. *Gansevoort* (18 Johns. 496), and that " the plaintiff by her bill of particulars was limited to June 21, 1918, as the date of escape. Upon that day the prisoner was allowed to depart from the sheriff's office. At that time he was within the jail liberties and there could be no escape unless he left them upon the same day. The plaintiff failed to introduce proof that he left the jail liberties on June 21, 1918. Motions to set aside the verdict and to dismiss complaint granted."

There was apparently no disposition made of plaintiff's motion to set aside the verdict. Except for the customary instructions to the jury to the effect that the plaintiff was obliged to prove her case by a preponderance of the evidence, there were no specific instructions of the court as to what the burden upon the plaintiff was with respect to showing that there was an escape. As to that issue the court instructed the jury that if they decided that the prisoner was arrested by the sheriff, then " as matter of law he was later permitted to escape and your verdict must be for the plaintiff."

The defendant took exception to the charge of the court that if the jury found for the plaintiff the amount should be $500. Plaintiff also excepted to the instructions of the court on the question of damages and asked the court to charge that the plaintiff was entitled to such damages as she actually sustained by reason of the escape. We have thus two concrete questions to consider, the first, whether the plaintiff sustained the burden of proof in establishing an escape; and the second as to what rule of damages is applicable to this case.

In *Bissell* v. *Kip* (5 Johns. 89, 99) the court held, KENT, Ch. J., delivering the opinion of the court in an action brought against the sheriff for an escape, as follows: " The creditor has nothing to do with the liberties, in making out his action. It is enough for him to show the judgment and execution, and the prisoner taken, and then at large, without the four walls of the prison. It lies with the defendant to justify his being at large,

by showing liberties established and defined according to law; and if he does not, he fails in making out his defence."

In *Steward* v. *Kip* (7 Johns. 165), which also was an action for escape and was similar in its essential features to the facts of the *Bissell Case* (*supra*), the court held in a *per curiam* opinion that where the prisoner was " seen at large in the village of Whitestown, at the tavern of Amos Gay, and on his return from thence he walked through the middle of the street," that was " at least, *prima facie* evidence of an escape and showing enough in the first instance," citing the *Bissell Case* (*supra*).

It is proper to state that the court concluded its opinion by saying: " But if any doubt existed, whether this was enough, * * * the defendant immediately supplied the deficiency, by producing a witness who testified that the place where the prisoner was seen walking was neither within the actual nor reputed liberties, and that the prisoner had been previously so informed."

In *Hutchinson* v. *Brand* (9 N. Y. 210), which was an action for an escape, the court held: " The permitting of the defendant to go at large after his arrest upon the process, and before his actual commitment within the four walls of the prison, was an escape, entitling the plaintiff to recover his whole debt against the sheriff."

*Visscher* v. *Gansevoort* (*supra*), relied upon by the learned trial justice, was an action against the sheriff for the escape of one Mounsey, a prisoner, from the liberties of the jail. It is stated in a *per curiam* opinion that " the only question in this case, is whether the suit was commenced when Mounsey, for whose escape the defendant is sued, was off the gaol limits." In that case a writ was made out by the attorney and delivered to a messenger, as the court held, conditionally, " that is, he was directed to go and see Mounsey off the limits, and then deliver the writ to the coroner; but, if he went, and did not see him off the limits, or if he saw him on the limits, then it is implied, that he was not to deliver the writ to the coroner."

The court further stated: " When, therefore, the attorney issued the writ, the intention to commence the suit was not absolute, positive, and unequivocal, and we cannot admit that the messenger or bearer of the writ shall have it in his power to decide whether the suit shall be commenced, by any event subsequent to the delivery of the writ to him, short of its being actually put into the hands, or left at the office of the coroner."

The court further said: " The evidence is not very satisfactory whether Mounsey was on the limits, or not, when the writ was, in point of fact, received by the coroner. We rather infer that

he was then on the limits, but the plaintiff should have shown, affirmatively, that he was then off the limits. For in such an action, we cannot intend, or infer anything, unless it be plain and irresistible, to charge the sheriff."

The circumstances and facts in that case are wholly different from those in the case under review in that the question in that case was whether the action against the sheriff was in fact commenced before or after the escape. The rule of burden of proof stated in the *Visscher* case would not necessarily be applicable to the facts appearing in *Bissell* v. *Kip* (*supra*), nor to the facts in this case as hereinafter outlined.

It is also to be noted that in subsequent cases which cited the *Visscher* case the question before the courts was whether there was a valid service of process for the purposes of the commencement of an action (*Matter of Clark*, 9 Wend. 212; *Jackson* v. *Brooks*, 14 id. 658; *Ross* v. *Luther*, 4 Cow. 161; *Carruth* v. *Church*, 6 Barb. 505), and it is significant that the *Visscher* case makes no mention of the prior *Bissell* and *Steward Cases* (*supra*).

It seems to us that the rule laid down in the *Bissell* case is the proper one, *i. e.*, where the plaintiff has proved that the prisoner was released from the actual custody of the sheriff, a *prima facie* case of an escape is proved. As matter of fact it was established by competent testimony that the prisoner was in fact released at the office of the sheriff's counsel on the same day that he was arrested, upon the advice of the counsel that Singer was immune from arrest, because at the time the deputy sheriff served him with papers he had just left a Magistrate's Court in a proceeding brought against him by his wife, the plaintiff, for her support, although the plea of immunity was not urged upon the trial; that the defendant never made nor attempted thereafter to make an arrest of the prisoner; that the latter since the arrest was often seen in Atlantic City, N. J.; that the order of arrest recited that he was a resident of Atlantic City; that it is admitted there never was a return filed by the sheriff although under section 590 of the Code of Civil Procedure (now section 864 of the Civil Practice Act) the sheriff is required to make a return within ten days after a defendant is arrested without giving bail, or, if he gives bail, within ten days after the justification of the bail.

In *Bensel* v. *Lynch* (44 N. Y. 165) the court stated: "The return 'not found' upon the execution against the person was sufficient evidence against the sheriff of the escape of the debtor and that the sheriff had not retained him in custody," citing cases.

Upon the array of facts just detailed, it seems to us that the plaintiff made out a *prima facie* case of an escape. The defendant

produced no affirmative evidence tending to show that the prisoner was within the jail limits or in the sheriff's custody at any time and, therefore, the court was justified in instructing the jury as matter of law that should they find that the prisoner had been arrested, then the defendant was liable for the escape. It follows that the subsequent action of the court in setting aside the verdict upon the ground that the plaintiff had failed to sustain the burden of proving an escape was error.

We also think that the learned trial justice erred in his charge as to the rule of damages applicable in an action for an escape. The action was brought for damages in the amount of $25,000, thus evidencing that it was an action for an escape and not as bail. The distinction between these two actions has been repeatedly recognized by the courts. Had the sheriff been sued as bail, the liability if any would have been for the amount of bail fixed in this case, to wit, $500. But this action was brought for damages far in excess of $500, alleged to have been sustained by reason of the escape. In such case the plaintiff is not limited to the recovery of the amount of bail fixed in the order of arrest, but to the damages actually sustained by her. (*Bensel* v. *Lynch, supra; Dunford* v. *Weaver,* 84 N. Y. 445; *Daguerre* v. *Orser,* 15 Abb. Pr. 113.)

The judgment should be reversed because of the erroneous instructions of the court as to the rule of damages. It was also error to dismiss the complaint on the merits.

The judgment and order should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., SMITH and FINCH, JJ., concur; MERRELL, J., dissents.

MERRELL, J. (dissenting):

I dissent and vote for affirmance upon the ground that the plaintiff failed to prove that Bernard Signer, plaintiff's husband, on June 21, 1918, the date of the alleged escape, was without the jail liberties. Plaintiff was confined to showing an escape on that day by her bill of particulars, and the burden was upon her to prove such fact; and in the absence of such proof no escape was shown. (See Code Civ. Proc. § 155; now Prison Law, § 369-b, as added by Laws of 1920, chap. 933.)

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.