ALBANY,<br>Oct 1826.

Baskins<br>v.<br>Wilson,

---

## BASKINS *against* WILSON.

ASSUMPSIT ; tried at the *Steuben* circuit, *June*, 1826, before NELSON, C. Judge.

The declaration was entitled of *August* term, 1823 ; and contained the common money counts ; to which the defendant pleaded *non assumpsit*, and *non assumpsit infra sex annos.* Replication to the last plea, that the defendant did assume, &c. within six years, &c., and issue.

To save the statute of limitations, on the ground of unexecuted process, within the six years, the plaintiff must reply, that process was sued out, and returned *non est inventus ;* and connect it, by continuances, with the immediate process on which the defendant was arrested. And this replication must be sustained by evidence.

It is not enough to shew that process was sued out, without being delivered to the sheriff, or returned.

The continuances may be entered at any time.

An endorser is an incompetent witness for the endorsee in a suit by him against the maker, even to prove the defendant's confession of the debt, so as to take it out of the statute of limitations after the maker's signing has been proved by another. And where the endorser deposed that he had disposed of all his interest in the note ; and believed that he had not been made responsible ; *held*, that this was not sufficient to do away the presumption of law that he was interested.

But, *semble*, that if he be not responsible as endorser he would not be so far interested, by reason of an implied warranty of the genuineness of the note, as to preclude his being a witness to shew the maker's confession, so as to take the note out of the statute of limitations, after the maker's signature had been proved by another.

At the trial, the plaintiff introduced a promissory note for $164,50, dated *August 31st*, 1816, payable 90 days after date, made by the defendant, payable to *George Minier*, or order, by whom it was endorsed. The maker's hand was then proved by *H. Wells*, Esq. and the endorsement by *J. E. Jones*.

To support the replication, the plaintiff then called *G. C. Edwards*, Esq. who testified, that he and *William B. Rochester*, Esq. were partners, as attorneys, in 1822; that on the *9th* day of *October*, in that year, a *capias ad respondendum* was made out in this cause, with the *bona fide* intention of having it served; that it was taken by Mr. *Rochester* to *Allegany* county, where the defendant then resided; but he did not know that it had ever been delivered to an officer; or that it had ever been returned.

The plaintiff next offered the deposition of *Minier*, the payee and endorser, taken under a commission, for the purpose of proving an acknowledgment of the note by the defendant, within six years. In the course of this deposition, he stated that he had disposed of all his interest in the note, and was not made responsible, as he believed, on the endorsement. The deposition was, notwithstanding, objected to, and excluded, on the ground that the witness was interested.

The judge nonsuited the plaintiff, on the ground that neither branch of his proof sustained his replication.

*Z. A. Leland*, for the plaintiff, moved to set aside the nonsuit, and for a new trial. He said, *Minier* was competent to prove the mere acknowledgment of the defendant, after his hand-writing had been established by another witness. (*Chit. on Bills, Phil. ed.* 531, 532. 2 *Campb. Rep.* 332. 12 *East*, 38. 1 *Campb. Rep.* 407. 17 *John.* 176. 2 *East*, 458. 5 *Taunt.* 183.) If not, there was evidence of a suit commenced before the statute of limitations had attached. It is not necessary to continue the process to the time of filing the declaration. (13 *John. Rep.* 14, 494. 1 *Caines*, 69. 1 *Chit. Pl.* 554. 15 *John. Rep.* 326. 12 *id.* 430.)

ALBANY,
Oct. 1826.

Baskins
v.
Wilson.

*H. Welles*, contra.   *Minier* was incompetent, by reason of interest.   (15 *John.* 240.   16 *id.* 201.   2 *John. Digest*, 593, *Evidence, pl.* 280.   1 *Phil. Ev.* 53, 4.)   His general assertion of not having been made responsible, does not amount to a direct and full denial of his liability as endorser.   But if he was discharged in that respect, he is still liable on the implied warranty that the note was genuine. (15 *John.* 240.   16 *id.* 201.)

The plaintiff wholly failed to shew the commencement of this suit within the six years.   (1 *Dunl. Pr.* 57, 124, *and the cases there cited.*   6 *T. R.* 617.)

*Curia, per* SUTHERLAND, J.   The title of the declaration is of *August* term, 1823.   The writ issued in *October*, 1822, is not the writ, then, on which the defendant was arrested; nor does the capias on which he was arrested, appear to have been an alias or pluries.   No connexion is shown between the two; and that issued in *October*, 1822, is totally unavailing.   In order to render it availing, the plaintiff should have shown in his replication, that it had been actually returned by the sheriff, *non est inventus*, and regularly continued on the roll from term to term, down to the time of suing out the process on which the defendant was finally arrested.   It is indispensable, for the purpose of saving the statute, that the writ should be returned.   The continuances may be entered at any time.   (1 *Dunl. Pr.* 57, 124.   *Beekman* v. *Satterlee*, 5 *Cowen*, 519, *and the cases there cited.*)   The evidence was not admissible under the pleadings.

The only question then is, whether *Minier* was competent to prove an acknowledgment of the debt by the defendant within six years.   The acknowledgment was sufficient to take the case out of the statute, if it was proved by competent evidence.

The objection on the trial to *Minier's* deposition, was on the ground of his interest generally.   The only evidence to show that he is not liable as endorser, is what he himself says in his deposition; "that he has disposed of all his interest in the said note; and that he is not made responsible, *as he believes*, on the said endorsement." This

appears to me altogether insufficient. The presumption of law is, that he has been regularly charged as endorser ; and this presumption is rebutted only by the belief of the endorser, that he has not been made responsible. Upon what that belief is founded, does not appear. Whether he is liable or not, is a mixed question of law and fact. He may not have received actual notice of the dishonor of the note by the maker ; and found his belief upon that circumstance. But if notice was actually sent to him, he is charged, although he may never have received it. The notice may, in his opinion, have been given too late ; but whether it was or not, is a question of law, which he cannot be permitted to decide, for the purpose of rendering himself a competent witness. He does not pretend that the note was taken by the endorsee upon the credit of the maker only, and under an agreement not to look to him as endorser. Such was the evidence in *Herrick* v. *Whitney*, (15 *John.* 240,) and in *Shaver* v. *Ehle*, (16 *John.* 201.) He must, then, be considered as endorser, liable to pay the note, if it should not be recovered from the defendant. He had therefore, a direct interest in producing a recovery in this suit. On this ground, he was incompetent.

If he had not been responsible as endorser, I am inclined to think that his liability upon the implied warranty of the genuineness of the note, would not have disqualified him for the purpose for which he was offered.

The genuineness of the note had been previously established, by proof of the hand writing of the maker ; and although the testimony of the witness, as to the admission of the debt by the defendant, might tend to corroborate the previous testimony, it was not offered for that purpose ; nor was such its natural and legal effect. The rule upon this subject, as recognized in *Herrick* v. *Whitney* and *Shaver* v. *Ehle*, has always appeared to me to be founded on considerations, extremely refined and artificial. It is, at all events, not to be extended.

The motion must be denied.

                                        Motion denied.