Carpenter, J.
The chief question in this cause is, whether Samuel A. Baker is a competent witness, and whether his testimony, taken under a commission, was properly read in evidence on the trial of the cause below. It is obvious that if interested, and therefore incompetent at the time of delivering his testimony before the commissioner, that testimony cannot afterwards, at the time of the trial, be legalized by the erasure of his name as endorser from the back of the notes. There has unquestionably been much controversy and much contrariety of decision in the courts, in relation to the competency of an endorser, as a witness, in a suit brought by the holder against the drawer of a promissory note or a prior endorser. But as the doctrine now stands in regard to the interest which will disqualify a wiLness, the question may be readily settled upon principle, and I think in accordance with the present decided weight of authority.
Since the decision of the case of Bent v. Baker, 3 Term. Rep. 27, it has been settled that it is an interest, not in the question in controversy, but in the event of the suit that will disqualify a witness. The interest must be a present, certain and vested interest and not an interest uncertain, remote and contingent. The rule has been laid down with great clearness to be: Is the wit *532 ness to gain or to lose by the event of the suit ? Can the verdict be evidence for or against him in any other suit? If the witness will not gain or lose by the event of the suit, and if the verdict cannot be given in evidence for or against him, whatever may be the bias, though as strong as can influence the mind of man, the objection must go to his credit and not to his competency. Thus it is settled, that it is no disqualification, though a witness believes himself under an obligation in honor to indemnify the party for whom he is called ; he is at competent witness and his credibility rests with the jury. Pederson v. Stoffles, 1 Campb. 144. So though the witness believes himself to be legally interested, when in point of fact it is otherwise. In short to disqualify the witness, there must be not merely hope or expectation, but a direct interest in the event of the suit. If merely possible, however probable, it will not disqualify. See 1 Greenl. Ev. § 387, 389, 404, 408. 1 Phil. Ev. 45 et seq. Henarie v. Maxwell, 5 Halst. 297. S. C. 6 Halst. 94.
Further, that the testimony of a witness should go to charge another, and thereby open a door to the probable satisfaction of a.liability by the other, rather than by himself, is not a sufficient ground for exclusion. Thus a trespasser not sued has been held a competent witness for the plaintiff against his co-trespassers, although it may be in the highest degree probable, that judgment when obtained will be satisfied by an execution against the defendants, and the witness thus relieved from his liability to the plaintiff. Lutterel v. Reynell, 1 Mod. 283. Morris v. Daubigny, 5 Moore 319, 16 Eng. C. L. Rep. 402; 1 Greenleaf’s Ev. § 409. The judgment itself would not be a good plea in bar to a future suit, against the witness for the same cause of action ; the contingency of payment or satisfaction under it would be further necessary for his discharge from the liability, and therefore, however his position might be supposed to bias his mind, the objection can only go to his credibility before the jury, and not to his competency. It is true, if the plaintiff use the judgment to obtain payment from the defendants, the witness will thereby be discharged ; but that he' will so use it, is at the mo'st but a probability, and is insufficient to disqualify.
To consider then the position of the witness in this case. As *533 to his competency, we are embarrassed by no question of publie policy. The admissibility of his testimony is to be settled according to the general rules on the subject, and as the testimony of other witnesses is admitted or rejected, according as they are interested or not, in the event of the suit. What is the interest to disqualify ? It is said that his evidence tends to produce a verdict and judgment, by which, if satisfaction be obtained, the witness would be discharged. But the verdict and judgment will be no protection. As in the case of co-trespassers, it is but the opening of a way by which the plaintiff may possibly obtain satisfaction from the defendant, and thus the witness may possibly be discharged from his responsibility. Though it may be said, it is to be presumed the plaintiff will follow up his legal rights, and if he should recover judgment that he will obtain satisfaction ; yet it still depends upon contingencies whether he obtain satisfaction. The defendant may become insolvent. “ It is not a question what will be the probable effect of a recovery by the plaintiff, but what will be its immediate certain effect upon the witness’ liabilities ; for if the interest is contingent and uncertain, it will go to his credit and not to his competency.” Per Wilde J. in Eastman v. Winship, 14 Pick. 47, in which the court held that as recovery, without satisfaction, would not discharge the witness standing in the same relation as the witness in the present case, he was not therefore disqualified. Relying upon the rules above laid down and now universally received, it is a reasoning, which in my judgment cannot be resisted. It is not necessary to multiply authorities, or again to refer to the cases already cited by counsel, but such is the conclusion which I apprehend is supported by principle as well as by the weight of authority. In Massachusetts the case of Talbot v. Clark, 8 Pick. 55, has been silently over-ruled by the subsequent ease of Eastman v. Winship, above referred to. So in New York, the competency of the witness lias been sustained in Barretto v. Snowden, 5 Wend. 186, and The Bank of Michigan, v. Griffith, 5 Hill 476; the latter case expressly over-ruling Baskins v. Wilson in 6 Cow. 471.
A further ground of incompetency has however been urged by the counsel of the defendant. It is said that Baker stands in the *534 light of a surety, and if he should pay Woodruff, he would be entitled to be subrogated for Woodruff, and have the benefit of the judgment to be obtained by his own evidence. This is a ground of ineompetency unknown to the common law, and I apprehend it will fail when tested by the rules which I have already considered. Independent of the doubt whether such payment would not extinguish the judgment itself, it is an interest not immediate to the result of the spit, nor arising from the right of the witness to use the verdict or judgment in pleading or in evidence, but depending upon contingencies. It presupposes first, that the plaintiff will not proceed to enforce satisfaction from the defendant; secondly, that ‘ the witness will pay the claim of the plaintiff; and then, upon the concurrence of both these contingencies, that the witness will proceed in equity, to claim the merely equitable right of substitution or subrogation, in regard to the rights of the plaintiff over and to the judgment which he may receive. All is contingent, and however it may be held elsewhere in courts where attempts have been made to apply equity principles to common law actions, it is an interest, which if it exist at all, can here, in no wise, affect the competency of the witness. In my opinion the testimony of the witness was properly admitted.
Next, was due diligence used in order to ascertain the residence of Daggett ? The impracticability of finding an endorser or ascertaining his place of residence, of course constitutes a sufficient ground to excuse notice of non-payment and protest, but in order to make this excuse available, reasonable diligence must be used to discover the endorser. The inquiry must be made fairly and honestly, with reasonable care and diligence. What is reasonable diligence must depend upon the particular circumstances of each case, and in relation to which, from its very nature, no certain and invariable rule can be laid down. The inquiries should be made in the places at which it would be most likely information would be received, as at the last place of- residence, and of the other parties to the paper, if within reach of such inquiries. And whether due diligence has or has not been used, seems to be a question of fact to be submitted to the jury, under proper instruction from the court. Winans v. Davis, 3 Har. Rep. 276. Bate- *535 man v. Joseph, 12 East. 434. S. C. 2 Campb. 461. Browning v. Kinnear, 1 Gow. 81, 5. E. C. L. 471. It is not necessary to recite the evidence. It is to be presumed that the jury were properly directed in this case, and the evidence detailed in the depositions taken under a commission, used at the trial and now before us, is such, that I am satisfied with the conclusion to which the jury have arrived. Whilst due diligence is to be used by the holders of notes, care is also to be taken that we do not exact too much. It is not every possible exertion that is to be made, but such as a prudent and diligent man would naturally use under like circumstances.
I am of opinion that the verdict should not be disturbed, and that the rule to show cause should be discharged.
Hobjíblower, C. J.
I entirely concur in the opinion delivered by Justice Carpenter, upon each of the points taken and discussed in this cause. The great object and aim of courts of justice are, or should be, to reach the truth in every ease • but if we refuse to search for it, where perhaps it can alone be found, merely because it is possible, that we may find it mixed with some alloy, we may often be driven to the painful necessity of rendering judgment for or against a party, under strong apprehensions that we are doing injustice. Objections to witnesses, on the ground of interest, except in cases where the interest is direct and immediate, generally have their origin in a desire to keep out the truth. In my opinion, the decision in the case of Bent v. Baker, 3 T. R. 27, was an era in the history of the law, upon this subject, that has done more for the advancement of justice than almost any other modification of the rules of evidence to be found in our books.
Whitehead, J.
The only serious question, upon this application for a new trial, is, whether Baker, standing in the relation he does to the parties, as the endorser of the notes in controversy, is a competent witness for the plaintiff, without a release, to prove the execution of the notes and endorsements, and other facts necessary to fix the liability of the defendant as an endorser.
As his testimony does not impeach or invalidate the notes, if *536 he is disqualified, it must be on the ground of interest. By the present well settled rule excluding a witness on this ground, he must either gain or lose by the direct legal operation and effect of the judgment, or the record must be legal evidence either for or against him, in some other action, Greenleaf’s Ev. 434, Sec. 390. An endorser has not such a direct, certain interest in the event of the suit, as to disqualify him; nor can the record be given in evidence against him in another action. His interest is contingent only, and on this ground he is regarded as a competent witness under the late decisions in England and in this country. See cases collected in Chitty on Bills, 634, 658, and in 5 Wend. 476.
Nevius, J., and Randolph, Í., also concurred.
Rule discharged.
Cited in Howland v. Adrain, 1 Vr. 50.