COVENANT.

*Case* 86.

*June* 28.

## Pindell, assignee *vs* Maydwell.

### ERROR TO THE FAYETTE CIRCUIT.

*Limitation.　Process.　Suits..*

JUDGE SIMPSON delivered the opinion of the Court.

SAMUEL BEACH having filed an answer which he prayed might be considered a cross bill against his co-defendant, Maydwell, in a suit in chancery pending in the Fayette Circuit Court, in which Beach and Maydwell were both defendants, but having failed to sue out process thereon, the plaintiff in error, some considerable time afterwards, exhibited in his own name, as assignee in bankruptcy, a bill purporting to be an amendment to the cross bill of Beach, had a chancery subpœna issued thereon, and exe-cuted on Maydwell. Thereupon Maydwell filed his an-swer, relying, among other matters of defence, upon the statute of limitations.

The date of the issue of process is the commence-ment of a suit—so is the service of notice in e-jectment.

Whether he can avail himself of the statute or not, depends upon the time the suit shall be considered as having been commenced. The suing out process has al-ways been held the commencement of an action or suit: (7 *Monroe*, 111.) It has also been held that the service of the notice in ejectment is the commencement of the action, although the suit is not pending until the return of the notice, and the filing of the declaration and notice in Court.

The date of the subpœna in chan-cery, which is sued out and re-turned or placed in the hands of the officer, is the commencement of the suit.

In bringing a suit in chancery, the first step taken by the complainant, is to file his petition or bill, and hence writers on this subject frequently speak in general terms of this act, as the commencement of the suit. But so far as it relates to the defendant, the suing out process against him is the commencement of the suit; preferring the bill being only preparatory to this being done.

The propriety of the adoption of this principle is il-lustrated very forcibly by the proceedings in the present case; no process had been issued on Beach's cross bill for upwards of three years, Maydwell was not bound to

notice it, and no suit was actually pending against him on the cross bill, until process issued thereon in the name of the plaintiff in error, on his bill purporting to be an amendment thereto.

When a party attempts, at law, to avoid the application of the statute, by showing that the first writ was sued out in time for this purpose, although the subsequent one was after the time, it has been held that he must show the first writ not only to have been issued, but to have been returned: *Harris* vs *Woolford*, (6 *Term Rep.*, 617.) As the Chancellor applies the statute, in analogy to its application by a Court of law, it follows that where a party files a bill in chancery and neglects to take out process, the statute still continues to run against him, and he cannot avoid its effect by showing that he lodged his bill in the Clerk's office, or even filed it in open Court, before the time had expired. It is obvious that, although it might remain in that condition for any length of time, there would be no suit pending against the defendant, and if when process issues, at any subsequent period, no matter how distant, it should be considered as relating back to the time when the bill was filed, such a doctrine would have the effect of encouraging negligence on the one hand, and of defeating on the other, the object of the statute, which was intended to obviate any injustice that might arise from the absence of testimony, supposed to have been lost, or forgotten through the operation of time.

As the statute of limitations must have its effect in this case, and as it is decisive of the fate of the complainant's claim to relief, it is unnecessary to notice the other questions presented.

The Circuit Court having dismissed the complainant's bill, its decree is affirmed.

*Pindell* for plaintiff; *Sayre* for defendant.

PINDELL
*vs*
MAYDWELL.

The filing of a bill in chancery, without suing out process thereon, will not be regarded as commencing a suit.