# THE HEKLA INSURANCE COMPANY

## v.

# WILLIAM SCHROEDER.

1. COMMENCEMENT OF SUIT—WHAT IS.—The suing out of a summons is the commencement of a suit, but a writ is not considered as legally sued out until it is delivered to the sheriff with authority to make service, or is transmitted to him for the purpose of being served. The mere making out, signing and sealing of a summons by the clerk and delivery to the plaintiff or his

attorney, is not the commencement of a suit, so as to save the bar of a limitation.

2. INSURANCE POLICY—LIMITATION OF TIME TO SUE FOR LOSS.—Where a policy of insurance provided that suit for a loss thereunder should be commenced within twelve months after such loss and not thereafter, a suit begun after the twelve months had expired, is barred by the terms of the contract.

APPEAL from the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding.    Opinion filed November 29, 1881.

This was an action of assumpsit, brought by William Schroeder against the Hekla Insurance Company, to recover for a loss under a policy of insurance against fire.    The policy, which is set out in the declaration *in extenso*, contains amongst other things, the following provision:

"It is furthermore hereby provided, and mutually agreed, that no suit or action against this company for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or chancery.  *  *  *  *  unless such suit or action shall be commenced within twelve months next after the loss shall occur; and should any suit or action be commenced against this company, after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any Statute of Limitation to the contrary notwithstanding."

The date of the loss was December 17, 1878.    On the 16th day of December, 1879, the plaintiff filed in the court below a praecipe for a summons against the defendant, and on that day a summons was issued, directed to the sheriff of Cook county, but no return appears endorsed thereon, nor is there any evidence by, endorsement or otherwise, that it ever came into the sheriff's hands.

On the 23d day of January, 1880, said summons was filed by the clerk, and is now among the files in this cause, and on that day another summons of like tenor and effect, except as to its date, was issued, which was afterwards served on the defendant.    Such service having been had, the defendant appeared and pleaded the general issue, and also filed a notice setting up as special matter of defense, that the suit was not

commenced within twelve months next after the loss occurred·

On the trial, the defendant asked the court to give to the jury the following instruction :

" The jury are further instructed that this suit was begun by the issuing of the writ issued in this cause on the 23d day of January, 1880; and that if they believe from the evidence that the property insured by the policy sued upon in this cause was destroyed by fire more than one year prior to the 23d day of January, 1880, then the plaintiff cannot recover, and the jury will find for the defendant."

This instruction the court refused to give, to which ruling the defendant duly excepted. The jury, thereupon, rendered a verdict, finding the issues for the plaintiff, and assessing the plaintiff's damages at $547.50, for which sum and costs the plaintiff had judgment.

Messrs. MOORE & PEET, for appellant; that before an *alias* writ can issue there must be a return of the original writ " not found," cited Rattan v. Stone, 3 Scam. 540.

After the return day the writ of December 16 was dead: Hitchcock v. Haight, 2 Gilm. 604.

To avoid the statute by issuance of a second writ, it must be shown that the first writ was issued and returned: Prindiville v. Maydwell, 7 B. Mon. 314; Harris v. Woodford, 6 Term R. 617; Brown v. Babington, 2 Ld. Raymond, 383; Baskins v. Wilson, 6 Cow. 471, Davis v. West, 5 Wend. 63; Soulden v. Van Rensselaer, 3 Wend. 472.

Messrs. JUSSEN & ANDERSON, for appellee; that the suing out of a summons is the commencement of a suit, cited Rev. Stat. 1874, Chap. 53, § 33; Collins v. Monteny, 3 Bradwell, 183; Fenzle v. Simpson, 1 Scam. 30; Alston v. Underhill, Cromp. & M. 492; 3 Chitty's Pr. 159.

This suit was properly commenced in time to save the limi_tation: Davis v. West, 5 Wend. 63; Smith v. Brown, 3 T. Rep. 662; Mitchell v. Jacobs, 17 Ill. 237.

A party who submits himself to the jurisdiction of the court by pleading, cannot afterwards complain of irregularity in the service of process: Mineral Point R. R. Co. v. Keep, 22 Ill. 9.

By filing a plea in bar a full appearance is entered:   Dart v. Hercules, 34 Ill. 403; Dunning v. Dunning, 37 Ill. 306; Roberts v. Formhalls, 46 Ill. 66.

BAILEY, J.   The suing out of a summons is, undoubtedly, the commencement of a suit; but, as was held by the court of errors of New York, in Jackson v. Brooks, 14 Wend. 649, "A writ is not considered as legally sued out until it is delivered to the sheriff, with authority to serve it on the defendant, if he can be found within his bailiwick, or placed in his office, or transmitted to him for the purpose of being served."   Mr. Angell, in his treatise on Limitations, says:   " The general rule appears to be in this country that, at the time of suing out the writ the action commences;  and either when the writ is delivered to the sheriff or to his deputy, or when it is sent to either of them with a *bona fide* intention to be served upon the defendant, it is considered to have been issued."   Angell on Limitations, § 312.

The Supreme Court of Indiana, in Hancock v. Ritchie, 11 Ind. 48, held that the mere making out of a writ, without actual or constructive delivery to the officer for service, was the same as if no writ had issued.   This rule was again affirmed in Evans v. Galloway, 20 Ind. 479.

In Burdick v. Green, 18 Johns. 14, it was held by the Supreme Court of New York, that in cases where the time of the commencement of the suit is material, " It is not indispensably necessary to prove an actual delivery of the writ to the sheriff, provided it be shown that it was actually made out and sent to the sheriff or his deputy by mail or otherwise, with a *bona fide* and *absolute intention* that it be served.   But such intention must be positive and unequivocal."   The court of errors, in Jackson v. Brooks, *supra*, in commenting on the case last cited, say, that it was not thereby intended to decide that, in order to avoid the bar of the Statute of Limitations, it was not necessary to show that the writ actually reached the hands of the sheriff, but only that it was not necessary to prove its actual delivery to him *within the six years*.

Ross v. Luther, 4 Cow. 158, was an action against a sheriff

for an escape, and the material question was, whether at the time the suit was commenced, the prisoner was off the gaol liberties. It appeared that the plaintiff's attorney delivered the writ to an agent or messenger, with directions to deliver it to the coroner, when he could ascertain that the prisoner was off the limits ; that having subsequently ascertained that fact, the messenger went to the coronor and delivered to him the writ. It was held that the writ was not issued, and the suit, therefore, not commenced, until the actual delivery of the writ to the coroner. In Vischer v. Gansevort, 18 Johns. 496, where a precisely similar state of facts was involved, the same rule was laid down.

For further authorities of like purport, see, Lamkin v. Nye, 43 Miss. 241; Davis v. Duffie, 18 Abb. Prac. 360; Webb. v. Peel, 1 Paige, 564; Hayden v. Bucklin, 9 Id. 512; Updike v. Ten Broeck, 32 N. J. Law, 105; Bronson v. Earl, 17 Johns. 63; Mason v. Cheney, 47 N. H. 24; People v. Clark, 33 Mich. 112; Jewett v. Greene, 8 Greenl. 447.

The rule established by the foregoing authorities is, that the mere making out, signing and sealing of the summons by the clerk, or even its delivery by him to the plaintiff, or his attorney, is not the commencement of the suit, but that, before the writ can, in a legal sense, be regarded as issued, or the suit commenced, the writ must be either actually or constructively delivered to the sheriff for service.

In the present case there is no evidence tending to show that the summons of December 16, 1879, was ever delivered to the sheriff, or that any steps were ever taken towards making such delivery, or that the plaintiff ever intended to have it served. As it bears no return or other endorsement by the officer, we must presume that he never received it, or had it in his hands for service. Under these circumstances, that summons must be treated as a mere nullity, and the case is precisely the same as though it had never existed.

But even if the summons bearing teste December 16, 1879, could be treated as a valid writ, still it could not be regarded as the commencement of the present suit. The summons which was served neither purports to be, nor in fact was, an

*alias* writ.   It does not contain the recital by which an *alias* writ is distinguished, nor was the case one where the clerk had authority to issue such writ.   By Section 9, Chapter 110, of the Revised Statutes, it is provided that whenever it shall appear, by the return of the sheriff, that the defendant is not found, the clerk shall, at the request of the plaintiff, issue another summons, and so on until service is had.   This statute makes it a necessary condition to the issuing of an *alias* writ, so as to preserve an action already commenced, that it should appear by the sheriff's return to the former writ that the defendant is not found.   Without such return a second writ can have no relation to the first, but must be treated as an original writ, and as the commencement of the action.

Our statute on this subject is only declaratory of the practice which prevailed at common law.   Harris v. Woolford, 6 Durn. & East, 617;  Brown v. Bubbington, 2 Ld. Raym. 833; Atwood v. Burr, 7 Mod. 3;  Baskins v. Wilson, 6 Cow. 471; Beekman v. Satterlee, 3 Id. 519;  Hume v. Dickinson, 4 Bilb, 276;  Pindell v. Maydwell, 7 B. Mon. 314.

It follows that the present suit must be held to have been commenced by the summons issued January 23, 1880, which was more than twelve months after the loss complained of occurred.   By the terms of the policy the action was barred, and the court should have so instructed the jury.   The judgment must be reversed and the cause remanded, both on the ground of the refusal of the court to give the instruction asked by the defendant, and because the verdict of the jury is against the evidence.

Judgment reversed.