### BISBEE v. EVANS and others.[1]

*(Circuit Court, D. Kentucky. June 19, 1883.)*

1. STATUTE OF LIMITATIONS.
   United States courts of equity do not apply the state statute of limitations in obedience to the statute, but by analogy.

2. SAME.
   The statute ceases to run in favor of a defendant who is a non-inhabitant of the district, when complainant has obtained process against him, or done all that is necessary to obtain process, and not before.

3. SAME.
   Section 8 of the judiciary act of March 3, 1875, does not fix the time when suit is commenced against non-inhabitant defendants so as to stop the running of the statute.

In Equity. On demurrer.

*Wharton & Ray*, for complainant.

*James S. Pirtle*, for defendants.

BARR, J. This case is submitted on demurrer to defendant Evans' plea, setting up the Kentucky statute of 15 years in bar of the action. The bill was filed May 11, 1881, and seeks to enforce a vendor's lien on a lot in this city for purchase money, evidenced by a note due February 4, 1867. The bill made Hegan Bros. defendants with Evans, but they were in no way liable for the note sued on, and were alleged to have been the owners of another vendor's note, which the bill alleged had been paid. Hegan Bros. answered, July, 1881, insisting they had not been paid. The bill alleged that Evans was not an inhabitant of the district, and could not be found in it, and prayed for an order of court requiring him to appear and plead to complainant's bill. The bill was not sworn to, and the necessary affidavit for such an order was not filed until April 12, 1883, when a warning order was entered. The question is when the action commenced as against Evans.

[1] Reported by Geo. Du Relle, Asst. U. S. Atty.

The Kentucky statute provides that "an action shall be deemed to have commenced at the date of the summons or process issued in good faith from the court or tribunal having jurisdiction of the cause of action." This, however, does not control this court. Courts of equity in the state allow the bar of the statute of limitations in obedience to the statute, but United States equity courts apply the statute by analogy, and not in obedience to it. The equity rules of the supreme court authorize, as of course, the issuing of a subpœna by the clerk after the filing of the bill, upon the application of the complainant, but the warning order against a defendant, not an inhabitant, must be made by order of court.

The plea of defendant is upon the theory that this suit was not commenced, as to Evans, until at least this warning order was made by the court. The complainant insists that under the provisions of the eighth section of the judiciary act, approved March 3, 1875, the suit is commenced at the time of the filing of the bill in the office, and that the warning order cannot, by the terms of this section, be made until the suit has already commenced. The language is:

" When, in any suit commenced in any circuit court of the United States, to enforce any legal or equitable lien upon  *  *  *  real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district,  *  *  *  it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead,  *  *  *  by a day certain, to be designated,  *  *  *  and in case such absent defendant shall not appear, plead,  *  *  *  and upon proof of the service or publication of said order, and of the performance of the directions contained in the same, it shall be lawful for the court to entertain jurisdiction, and proceed to the hearing and adjudication of such suit in the same manner as if such absent defendant had been served with process within the said district."

The subsequent part of this section provides that this service shall not give the court jurisdiction to render a personal judgment, but that the adjudication shall only affect the property. This, however, is not pertinent to the question under consideration. In construing this section we must look to the scope and object of the enactment. It is true, the suit is *commenced* upon the filing of the bill, for the purpose of taking the necessary steps to bring the defendant, who is a non-inhabitant, before the court. This is true in a suit against an inhabitant, and the court may make orders necessary or proper to bring the defendant before the court as soon as the bill is filed. But does it follow that congress declared in this section a suit *commenced* against a non-inhabitant of the district upon the mere filing of the bill, so as to stop the running of the statute of limitations?

If we are to look alone to the language of the section, is it not rather when and only when "it shall be lawful for the court to entertain jurisdiction" that the suit is *commenced* against the non-inhabitant defendant. It seems to me that congress did not intend and has not determined when a suit is commenced against a defendant

so as to stop the running of the statute of limitations, and that this court must determine the question in the absence of a statute.

Whenever a complainant has in good faith obtained process, or, it may be, whenever he has done *all* that is necessary for him to do to obtain process to bring a defendant before the court, then his suit is commenced as to that defendant, and then the running of the statute ceases, and not before.

In this case it was the duty of the complainant to obtain process under the provisions of this section, or at least to have filed an affidavit and moved for the proper order, and as he did not do this until after the expiration of the 15 years, the demurrer to the plea should be overruled. This view is sustained by *Pindell* v. *Maydwell*, 7 B. Mon. 314; *Lyle* v. *Bradford*, 7 Mon. 111; *Hayden* v. *Bucklin*, 9 Paige, 513; *Fitch* v. *Smith*, 10 Paige, 9; *Webb* v. *Pell*, 1 Paige, 564; *Ross* v. *Luther*, (4 Cow. 158,) 15 Amer. Dec. 341, and note.