# John T. Collins v. J. S. D. Manville.

1. LIMITATIONS—*When Action is Commenced, Decided by Laws of This State, Though Cause of Action Arises in Another State.*—If by the commencement of a suit on a cause of action arising in another State, a court of this State acquires jurisdiction of the plaintiff and the subject matter within the time prescribed by the limitation laws of such other State for the commencement of a suit on such cause of action and at a later date acquires jurisdiction of the defendant in pursuance of the laws of this State, such jurisdiction is not ousted because service is had on the defendant after the time within which by the laws of such other State the action must have been commenced, and because by such laws no suit is considered as commenced until after service is had.

Assumpsit, on a promissory note. Error to the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed March 29, 1897.

OLIVER & MECARTNEY, attorneys for plaintiff in error.

PECKHAM & BROWN, attorneys for defendant in error.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This writ of error is prosecuted from a judgment for $8,280.80, recovered by the payee against the maker of the following promissory note:

" $5,250.00. NEW YORK, Sept. 1st, 1886.

Twelve months after date I promise to pay to J. S. D. Manville, or order, five thousand two hundred and fifty dollars, for value received, with interest at the rate of six per cent per annum, having deposited with him as collateral security, with authority to sell the same at public or private sale on the non-performance of this promise, and without notice one hundred and fifty-four shares of the stock of the Union Brick and Tile Mfg. Co., and one hundred shares of the stock of the Kennedy Brick & Tile Machine Co.

JOHN T. COLLINS.

(Indorsed on back): J. S. D. MANVILLE."

The suit was begun by the filing of a præcipe and declaration in assumpsit, and the issuance and delivery to the sheriff for service of a summons returnable to the September term of the court, on August 31, 1893, which was one day (not counting days of grace) less than six years from the day on which the note matured.

The original summons was returned "not found," as were also an alias and three pluries summonses that were returnable, respectively, to each of four succeeding terms, and a fourth pluries summons was returned served on February 9, 1894.

The note was executed and delivered at the place of its date, and neither party to it was then or has since been, a citizen or resident of this State.

The first proposition of counsel for plaintiff in error is, that the cause of action arose in New York, that by the laws of New York an action could not be maintained on the note there, by reason of lapse of time, and, therefore, one can not be maintained here in Illinois.

We do not understand defendant in error to deny that the cause of action arose in New York, nor that the pleas that were filed fairly and properly presented the proposition for which the plaintiff in error contends.

It was stipulated between the parties that Sections 380, 381, 382, 398 and 399 of the New York Code of Civil Procedure, and Section 20 of the Illinois Limitation Act, and Sections 1 and 9 of the Illinois Practice Act, should be introduced and considered in evidence without pleading the same.

The five sections of the New York Code, included in the stipulation, are as follows :

"Sec. 380. Other periods of limitation. The following actions must be commenced within the following periods, after the cause of action has accrued.

Sec. 381. Within twenty years. (Amended 1877.) Within twenty years: An action upon a sealed instrument.

But where the action is brought for breach of a covenant of seizin, or against incumbrances, the cause of action is,

for the purpose of this section only, deemed to have accrued upon an eviction, and not before.

Sec. 382. Within six years. (Amended 1877.) Within six years: 1. An action upon a contract obligation or liability, express or implied, except a judgment or sealed instrument."

" Sec. 398. When action deemed to be commenced. (Amended 1877.) An action is commenced against a defendant, within the meaning of any provision of the act which limits the time for commencing an action, when the summons is served on him or on a co-defendant, who is a joint contractor, or otherwise united in interest with him.

Sec. 399. Attempt to commence action in a court of record. An attempt to commence an action in a court of record is equivalent to the commencement thereof against each defendant, within the meaning of each provision of this act, which limits the time for commencing an action when the summons is delivered, with the intent that it shall be actually served, to the sheriff, or, where the sheriff is a party, to a coroner of the county in which that defendant, or one of two or more co-defendants who are joint contractors or otherwise united in interest with him, resides, or last resided, or, if the defendant is a corporation, to a like officer of the county in which it is established by law, or wherein its general business is or was last transacted, or wherein it keeps, or last kept, an office for the transaction of business. But in order to entitle a plaintiff to the benefit of this section, the delivery of the summons to an officer must be followed within sixty days after the expiration of the time limited for the actual commencement of the action by personal service thereof upon the defendant sought to be charged, or by the first publication of the summons, as against that defendant, pursuant to an order for service upon him in that manner."

Sections 1 and 9 of our Practice Act merely provide that the first process in actions in courts of record shall be a summons, made returnable, etc., and for the issuance of alias summonses where the original has not been served.

Section 20 of our Limitation Act is as follows:

" Sec. 20.   When a cause of action has arisen in a State or Territory out of this State, or in a foreign country, and by the laws thereof an action thereon can not be maintained by reason of the lapse of time, an action thereon shall not be maintained in this State."

The real point in the controversy, upon the first proposition of plaintiff in error, is whether or not the acts that were done on August 31, 1893, in the way of commencing the suit, taken in connection with the further fact that summons was not actually served upon the there defendant until more than five months afterward, were sufficient to stop the running of the statute of limitations.

It needs only that the quoted sections of the New York Code be read to conclude that such acts did not constitute the commencement of an action, or an attempt to commence an action, within the New York Code.   But it is equally plain that such actions amounted to the commencement of a suit, under our decisions.   Schroeder v. Mer. & Mech. Ins. Co., 104 Ill. 71;  C. & N. W. Ry. Co. v. Jenkins, 103 Ill. 588; Hekla Ins. Co. v. Schroeder, 9 Ill. App. 472.   And so we are left to inquire what construction and effect should be given to Section 20 of our Limitations Act, already quoted.

Its purport is, that if " by reason of the lapse of time " no action upon the note in question could be maintained in New York, none could be maintained in Illinois.

When the suit was begun, " the lapse of time "—six years from the time the cause of action accrued—provided by the New York Code had not run.   What was done by way of issuance and delivery to the sheriff, for service, of the summons, on August 31, 1893, constitued, under our laws, all that was requisite to the commencement of an action.

By the commencement of the suit, our courts acquired jurisdiction over the plaintiff and the subject-matter of the suit.   It only remained to acquire jurisdiction over the defendant in order to proceed to judgment, which was finally done in pursuance of the laws of the forum.

Such jurisdiction could not, we think, be ousted because

of a different practice and procedure pertaining in New York, whereby no suit should be considered to have been "commenced" until after personal or publication service upon a defendant.

The "lapse of time" named in section 20 must, we think, refer to the time when suit was begun within the interpretation given to our laws by the Supreme Court of the State.

Had the law of New York been like that of Illinois with reference to what constitutes the commencement of an action, there could be no controversy, for August 31, 1893, was early enough under the laws of either jurisdiction to have "commenced" the action. *Non constat* but the defendant might have been personally served in the suit that was begun here, on the same day the summons issued, and in such case there could have been no controversy, for then everything to constitute the commencement of a suit, according to the New York law, would have been done.

It being plain that on the day the action was begun in this jurisdiction, one might have been "commenced" and maintained in New York, we do not think it was intended by section 20 that our courts should look any further. To require them to look further, as is asked in this case, would be to surrender our own methods of procedure and adopt those of another State.

The other questions in the case as to whether the note was accommodation paper to enable the payee (defendant in error) to borrow money, or was given by the maker to secure some optional engagements entered into between himself and the payee, were settled upon conflicting evidence against the plaintiff in error, and we can not say from a review of it all, that the questions were wrongly determined

The application for a new trial upon the ground of newly discovered evidence was properly overruled. The evidence upon which the application was based was at the most only cumulative, and, if heard, we do not think should have altered the verdict.

Upon the whole record the judgment should be upheld, and it is therefore affirmed.