The First National Bank of Chicago, Appellant, v. Raymond Donnersberger et al., Defendants. Belle H. Brigham, Appellee.

Gen. No. 38,200.

Opinion filed February 11, 1936.

TATGE & TATGE and SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE, all of Chicago, for appellant; LUTHER TATGE and HENRY L. KOHN, of Chicago, of counsel.

HARRY A. BIOSSAT, of Chicago, for appellee.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

Plaintiff filed its bill to foreclose a mortgage, making Belle H. Brigham and others defendants. Plaintiff appeals from an order that sustained defendant Brigham's motion to quash an alias summons, denied plaintiff's motion for leave to amend the summons, and refused plaintiff's motion for a rule on said defendant to plead, answer or demur to the bill. No decree has been entered in the cause and it is still pending in the lower court.

Plaintiff contends "that the alias summons served upon the defendant was issued pursuant to a prior

order of court, that the summons was valid and in due form; that if the form of the summons could be questioned, it was subject to the amendment which complainant offered to make. Complainant further contends that since the defendant appeared by counsel, rather than in her own proper person, to question the jurisdiction of the court, this constituted a general appearance.''

A summons was issued on January 20, 1933, which directed the sheriff to summon Raymond Donnersberger, Belle H. Brigham, George M. Dearlove and Unknown Owners. The return of the sheriff shows that defendants Dearlove and Donnersberger were served and that defendant Brigham was not found in the county. On January 19, 1934, an alias summons was issued against defendant Brigham, which was returned by the sheriff on February 19, 1934, ''not found in my county.'' On January 27, 1934, the following order was entered on motion of solicitors for plaintiff:

''It Is Hereby Ordered that J. Bruce Drever be and he hereby is hereby authorized to serve process of this court on Belle Brigham, and that summons issue forthwith.''

Upon the same day a ''summons'' was issued, which was returned on February 2, 1934, bearing the following indorsement:

''I hereby certify that I served the within writ on the within named defendant Belle Brigham by leaving a copy thereof with the said defendant personally this 2nd day of February, 1934.

''JBD    J. Bruce Drever''

On December 28, 1933, the following ''Special Appearance'' was filed:

''I Hereby Enter the special appearance of Belle H. Brigham, defendant herein, for the sole purpose of moving to quash the return of service on said Belle H. Brigham shown under date of May 6, 1933, by summons

filed herein on May 15, 1933, and for no other purpose whatsoever.

"Harry A. Biossat

Attorney appearing specially to move to quash service of summons and for no other purpose."

On February 19, 1934, the following motion was filed:

"And Now Comes The defendant, Belle H. Brigham, appearing specially for this purpose only and shows unto the Court that this Court has no jurisdiction of the person of this defendant because of the pretended or attempted service of a certain summons upon this defendant on or about February 2, 1934; a copy of which writ was served on this defendant by one J. B. Drever, and shows unto the Court as follows:

"(1) That an alias summons issued against this defendant herein on January 19, 1934, and that said summons was placed in the hands of the Sheriff of Cook County, Illinois, on January 19, 1934, for service upon this defendant and that said summons remained in the hands of said Sheriff of the Circuit Court of Cook County until the 19th day of February, 1934, when said summons was returned by the Sheriff showing that the said summons was not served on this defendant.

"(2) That a pretended summons was issued out of the Clerk's Office of this Court on January 27th, 1934, and that a copy of said summons dated January 27th, 1934 was served upon this defendant.

"(3) That said summons issued January 27, 1934 was issued while the other summons dated January 19th, 1934 was in the hands of the Sheriff of Cook County for service and had not been returned at the time of the attempted service of the second summons upon this defendant.

"(4) That said summons dated January 27, 1934 is not correctly entitled in this cause and was improperly

issued and the issuance of said summons was illegal and void.

"(5) There has been no service of the summons dated January 19, 1934 on this defendant.

"Wherefore, this defendant moves the Court that an order be entered herein to quash said summons issued January 27th, 1934, and holding the attempted service on this defendant on or about February 2, 1934 void and of no effect.

"Belle H. Brigham

Defendant appearing specially for the purpose of this motion."

On the same day there was filed the following affidavit signed by defendant Belle H. Brigham:

"Belle H. Brigham, being first duly sworn on oath, deposes and says that on February 2, 1934, there was handed to her a summons, a photostatic copy of which is hereto attached.

"Affiant further says that she has received no other summons other than the one which was handed to her on February 2, 1934, a photostatic copy of which is hereto attached as above mentioned, and that she did not receive, and there was not handed to her, or served upon her in any way, a copy of the summons issued in this cause on January 19, 1934; that the summons issued on January 19, 1934 and placed in the Sheriff's hands for service, a photostatic copy of which is hereto attached, was never served upon her and she never received a copy of same from anyone. The only information she has concerning the issuance of said summons dated January 19, 1934 and the placing of same in the hands of the Sheriff of Cook County for service has been through her attorney, Harry A. Biossat."

On November 16, 1934, plaintiff filed the following verified petition:

"Your petitioner, The First National Bank of Chicago, a national banking association, as successor trus-

tee to First Union Trust and Savings Bank, a corporation, formerly First Trust and Savings Bank, successor in trust by consolidation to First Trust and Savings Bank, organized and doing business under the laws of the State of Illinois, as trustee under the trust deed from Henry H. Brigham and Belle H. Brigham, his wife, dated September 1st, 1925, and filed for record in the office of the Recorder of Deeds of Cook County, Illinois, on September 11th, 1925, as Document No. 9031244, respectfully represents unto your Honors that it is the complainant in the above entitled cause.

"Your petitioner further represents that heretofore, in the Bill of Complaint filed in the above entitled cause, it has named as defendant herein, one Belle H. Brigham, and that summons has duly issued in the above entitled cause to the said defendant, Belle H. Brigham.

"Your petitioner further represents that thereafter, and on, to-wit, December 28th, 1933, the said defendant, Belle H. Brigham, by Harry A. Biossat, her solicitor, entered her general appearance in the above entitled cause, but has failed to answer the Bill of Complaint as amended and supplemented herein.

"Your petitioner further represents that on December 28th, 1933, the said Belle H. Brigham, by Harry A. Biossat, her solicitor, appeared in open court before the Honorable Harry M. Fisher, one of the judges of said court, and moved to quash the service of the summons theretofore issued in said proceedings on May 6th, 1933, upon Belle H. Brigham, and exhibited to the court numerous affidavits in support of said motion, and that the said Harry A. Biossat, as such solicitor, served notice upon the solicitors for your petitioner, as complainant herein, all of which will more fully appear from the said Notice and the affidavits which your petitioner is ready to produce upon the hearing of this cause.

"Your petitioner further represents that the said Harry A. Biossat has appeared generally for said defendant, Belle H. Brigham, on other occasions herein, and more particularly on January 10th, 1934, February 19th, 1934 and September 27th, 1934, and that all of said appearances under the laws of the State of Illinois are general appearances.

"Your petitioner further represents that the said Belle H. Brigham filed a plea of abatement herein on January 10th, 1934, to quash the summons which purported to show her served with process in the above entitled cause, and that on January 19th, 1934, the summons theretofore served upon the said Belle H. Brigham was quashed and a new summons issued by order of court entered on said date, to-wit, January 19th, 1934, directed to the Sheriff of Cook County, Illinois, to serve the said defendant, Belle H. Brigham.

"Your petitioner further represents that while the said summons of January 19th, 1934, was outstanding and an effort was being made to serve the same upon the said Belle H. Brigham, your petitioner was apprised of the fact that the said Belle H. Brigham was about to leave this State, and a request was thereupon made in the Sheriff's office to deputize one J. Bruce Drever to make service of said summons; that the said summons was then in the possession of the deputy sheriff, Casper Shodroff, who, on January 27, 1934, could not be located in or about the sheriff's office; that the sheriff thereupon, on January 27th, 1934 advised this petitioner that he was under orders of the Honorable Harry Fisher, one of the judges of this court to discontinue deputizing individuals to serve summonses, and to request in each such instance, an order of court deputizing an individual to serve a new summons; and that the sheriff of Cook County, Illinois, would therefore request of this petitioner that an order of court be entered deputizing the said J. Bruce Drever to serve a new summons upon the said defendant; that thereupon

your petitioner, by its solicitors appeared before the Honorable Hugo M. Friend, one of the judges of the Circuit Court of Cook County, Illinois, and represented to the court that the defendant, Belle H. Brigham, was in Highland Park, Illinois, and was about to leave this jurisdiction, and that immediate service of summons upon her was necessary; that the sheriff who had the summons of January 19th, 1934, could not then be located, and that the sheriff's office had requested that an order should be entered by the court deputizing the said J. Bruce Drever to serve the court's summons, and this petitioner thereupon requested that an Order be entered deputizing the said J. Bruce Drever to serve the summons to be ordered by the court to issue herein; that thereupon such an order was entered in the above entitled cause and a new summons issued directed to the defendant, Belle H. Brigham.

"Your petitioner further represents that the said defendant, Harry A. Biossat, her solicitor, were well acquainted with the names of the defendants in this suit prior to the service of the summons of January 27th, 1934 upon her, and are now well acquainted with the names of said defendants, and that it is, therefore, no comfort to her to now say that the said summons issued by order of court on January 27th, 1934, did not apprise her of the names of all the defendants named in the previous pleadings in these proceedings.

"Wherefore your petitioner prays that an Order be entered herein upon the defendant, Belle H. Brigham, to answer or demur to said Bill of Complaint as amended and supplemented, and for such other relief as to this court may seem proper."

On November 20, 1934, the following order was entered:

"This cause coming on to be heard upon motion of Belle H. Brigham to quash the summons heretofore issued herein dated January 27, 1934 and served upon her herein by J. Bruce Drever, and upon the petition of

First National Bank of Chicago, as Successor Trustee, complainant herein, filed November 16, 1934, and upon the motion of complainant to amend said summons aforesaid upon its face by inserting the names of all the defendants herein, due notice having been served upon all solicitors of record, the court having heard the evidence produced by the parties herein, and the arguments of counsel for complainant and counsel for Belle H. Brigham, appearing specially and solely on the question of the motion to quash said service of summons, and being fully advised in the premises;

"It Is Hereby Ordered:

"1. That the summons issued heretofore herein on January 27, 1934 and served upon the defendant, Belle H. Brigham, by J. Bruce Drever, be and the same hereby is quashed.

"2. That the prayer of said petition of the First National Bank of Chicago, as successor trustee, complainant herein, and said motion to amend as aforesaid, be and the same hereby are denied."

Section 4 of the Practice Act of 1907, in force prior to the enactment of the present Civil Practice Act, reads as follows:

"Whenever it shall appear, by the return of the sheriff or coroner, that the defendant is not found, the clerk shall, at the request of the plaintiff, issue another summons or capias, as the case may be, and so on until service is had."

It was stated in *Hekla Ins. Co. v. Schroeder,* 9 Ill. App. 472, 477, that that practice was declaratory of the practice that prevailed at common law. In any event, under that statute and the practice that prevailed in this State, it was necessary that the writ should be returned and filed before an alias writ could be issued. (See *Daly v. City of Chicago,* 295 Ill. 276, 280, 281.) Section 5 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 133, provides:

"Every civil action, unless otherwise expressly provided by statute shall be commenced by the issuance of a summons. The clerk shall issue summons upon request of the plaintiff. The form and substance of such summons, and of all other process, and the issuance of *alias* and *pluries* writs, shall be according to rules of court."

Rule 5 (1) of the Supreme Court provides:

"Whenever it shall appear from the return or affidavit of service that a writ has not been served, the clerk shall issue successive *alias* writs, on the request of the plaintiff. *The court may order the issuance of alias writs.*" (Italics ours.)

Plaintiff contends that the old practice has been changed by Rule 5. The first sentence of Rule 5 (1) is the same, in substance, as section 4 of the Practice Act of 1907. Plaintiff contends that the last sentence of Rule 5 (1) changes the old practice and authorizes the trial court to order the issuance of an alias summons or summonses whenever the ends of justice require such action even where the original summons had not been returned by the sheriff, and that in the instant case, because of the fact that defendant Brigham was a nonresident, it was proper to order the issuance of an alias summons. Plaintiff argues that if it takes 20 officials, each armed with process, to obtain service upon a defendant who seeks to evade service, Rule 5 (1) would permit the trial court to enter an order that 20 alias summonses issue forthwith. Defendant contends that the last sentence merely declares by rule the practice that had always prevailed prior to the present Civil Practice Act whereby the court could order the issuance of alias summonses under certain circumstances, "such as:

"1. Where a summons has been lost or mislaid, so that no return can be made thereon by the sheriff.

"2. Where service of summons is quashed, and another summons is ordered issued.

"3. Where there is a defect in the summons issued, and said summons is cancelled and the Court orders the issuance of another.

"4. Where there has been a considerable lapse of time between the date of the return of summons and the application for the issuance of an alias. And there is a question of reasonable diligence to obtain service through the issuance of alias writs as is provided in Rule 2 of the Supreme Court Rules, Paragraph 2."

Defendant further contends that the old practice has not been changed by Rule 5 and that therefore the trial court was not authorized to enter that part of the order of January 27 ordering the issuance of a summons without a finding that would warrant the issuance of a summons. Plaintiff argues that in any event it must be assumed that facts were presented to the trial judge that justified the entry of the order. It is a sufficient answer to this last contention to say that the record affirmatively shows that on January 27 the summons of January 19 was still in the hands of the sheriff. After a careful consideration of the question before us we have reached the conclusion that the last sentence in Rule 5 (1) did not change the old practice in this State relating to the issuance of alias summonses by order of court and that therefore the trial court was justified in quashing the summons dated January 27, 1934. That part of the order that authorized Drever to serve process on defendant Brigham is not questioned by defendant. We are further of the opinion that the trial court did not err in denying the petition of plaintiff to declare defendant's appearance upon the motion a general appearance, and in denying leave to amend the summons dated January 27, 1934.

Defendant contends that the summons issued January 27, 1934, was illegal in form and substance and therefore void. We do not deem it necessary to pass upon this contention.

The motion of defendant, heretofore filed, to dismiss the appeal is denied.

The judgment order of November 20, 1934, of the circuit court of Cook county is affirmed.

*Judgment order of November 20, 1934, affirmed.*

SULLIVAN and FRIEND, JJ., concur.